```
 1  SEYFARTH SHAW LLP
    William J. Dritsas (SBN: 097523)
 2  Anthony J. Rao (SBN: 173512)
    Laura J. Maechtlen (SBN: 224923)
 3  560 Mission Street, Suite 3100
    San Francisco, California 94105
 4  Telephone: (415) 397-2823
    Facsimile: (415) 397-8549
 5
    Attorneys for Defendants
 6  GOODMAN NETWORKS, INC., JAMES E. GOODMAN,
    JOHN A. GOODMAN, JOHN DEBUS, JAMES E. NALLEY,
 7  ALEX BABER, JIMMY HULETT, MIKE SMITH, SCOTT PICKETT
 8
 9              UNITED STATES DISTRICT COURT
10          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

ORIGINAL FILED
MAY 12 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

PJH

Case No. C 05 01973

| | |
|---|---|
| CHARLES ADAMS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODMAN NETWORKS, INC.; JAMES E. GOODMAN; JOHN A. GOODMAN; JOHN DEBUS; JAMES E. NALLEY; ALEX BABER; JIMMY HULETT; MIKE SMITH; SCOTT PICKETT; and DOES 1 through 500,<br><br>Defendants. | **JOINT NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants GOODMAN NETWORKS, INC., JAMES E. GOODMAN, JOHN A. GOODMAN, JOHN DEBUS, JAMES E. NALLEY, ALEX BABER, JIMMY HULETT, MIKE SMITH, and SCOTT PICKETT (collectively referred to as "Defendants") hereby jointly remove this action from the Superior Court of the State of California for the City and County of San Francisco to the United States District Court for the Northern District of California. All Defendants join in this Joint Notice of Removal. This joint removal is based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

---
Joint Notice of Removal of Action to Federal Court

## I. TIMELINESS OF REMOVAL

1. On April 12, 2005, Plaintiff CHARLES ADAMS ("Plaintiff") served his Summons and Class Action Complaint entitled Charles Adams, on behalf of himself and those similarly situated vs. Goodman Networks, Inc., James E. Goodman, John A. Goodman, John Debus, James E. Nalley, Alex Baber, Jimmy Hulett, Mike Smith, Scott Pickett, and Does 1 through 500, case number 05-440223 ("Complaint") on Goodman Networks, Inc. On April 19, 2005, Plaintiff served his Summons and Class Action Complaint on John Debus, James E. Nalley, Alex Baber, and Scott Pickett. On or between May 4 through 9, 2005, Plaintiff served his Summons and Class Action Complaint on James E. Goodman, John A. Goodman, and Jimmy Hulett. On May 11, 2005, Seyfarth Shaw LLP accepted service of the Summons and Complaint on behalf of Mike Smith. The Complaint was filed in San Francisco Superior Court. The Complaint alleges the following three purported causes of action: (1) "Failure to Pay Overtime Compensation and Failure to Pay All Compensation Due at the Time of Employment Severance" based on alleged violations of the federal Fair Labor Standards Act ("FLSA"), the California Labor Code, and Industrial Wage Commission Orders; (2) "Unfair Business Practices (California Business and Professions Code Section 17200 *et seq.*) based on alleged violations of the FLSA and California law; and (3) "Intentional Fraud, Concealment" based on alleged violations of the FLSA and California law. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed. This Joint Notice of Removal is being filed within thirty (30) days after service of the initial pleading on Goodman Networks, Inc. (the first defendant served) and is timely filed pursuant to 28 U.S.C. § 1446(b).

2. On May 12, 2005, Defendants filed their Answers to the Complaint in state court.

3. Each and every process, pleading, and order served in this case is attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

## II. ORIGINAL JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441(a) or (b). Defendants may remove this action because it arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. §§ 1331); and/or

2

Joint Notice of Removal of Action to Federal Court

it arises under "any Act of Congress regulating commerce or protecting trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a State Court of which the district courts of the United States have original jurisdiction ..." (28 U.S.C. § 1441(a)); and/or it is a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, laws or treaties of the United States ..." (28 U.S.C. § 1441(b)).

5. Plaintiff's first cause of action for "Failure to Pay Overtime Compensation and Failure to Pay All Compensation Due at the Time of Employment Severance" is based on an alleged violation of the FLSA. *Complaint, ¶¶ 10, 11, 26, 28-31*. Plaintiff also relies on the California Labor Code and IWC orders in support of his first cause of action. Plaintiff specifically alleges Defendants failed to pay appropriate overtime wages to class members in violation of federal law; and failed to pay overtime within the time limits mandated by federal law. *Complaint, ¶¶ 10, 28-31*. Plaintiff also alleges Defendants improperly classified class members as exempt from overtime under the FLSA, and seeks overtime wages, penalties, interest, attorneys fees, and other relief under federal law. *Complaint, ¶¶ 11, 31*.

6. Plaintiff's second cause of action for "Unfair Business Practices (California Business and Professions Code Section 17200 *et seq.*) is based on alleged violations of the FLSA and federal law. *Complaint, ¶¶ 10, 11, 32-44*. Plaintiff also relies on California law and California Business and Professions Code section 17200 *et seq.* in support of his second cause of action. Plaintiff specifically alleges Defendants used improper criteria to determine whether class members were exempt from overtime under federal law and the FLSA; failed to pay class members wages and overtime, failed to pay these wages in a timely manner, and failed to pay penalties in violation of federal statutes and regulations; failed to pay overtime to class members working on a piece-rate basis in violation of federal law; and failed to provide accurate wage statements, paychecks, W-2 and/or 1099 forms, and other documents to class members in violation of federal law. *Complaint, ¶¶ 35, 43*. Plaintiff alleges these purported acts are either unfair, fraudulent, misleading, or illegal under California Business and Professions Code section 17200, *et seq. Id., ¶¶ 36-42, 44*.

7. Plaintiff's third cause of action for "Intentional Fraud, Concealment" is based on alleged violations of the FLSA and federal law. *Complaint, ¶¶ 10, 11, 45-59.* Plaintiff also relies the California Labor Code in support of his third cause of action. Plaintiff specifically alleges Defendants improperly classified class members as exempt from overtime under federal law; failed to pay class members within applicable statutory time limits; used misleading titles for class members such as "professional employees," "computer personnel," or "computer-related personnel" "within the meaning of FLSA ...;" failed to provide accurate wage statements, paychecks, W-2 and/or 1009 forms, and other documents to class members; and made false representations and concealments to class members. *Complaint ¶¶ 46, 49, 50, 51.*

8. This Court has jurisdiction over this matter pursuant to 29 U.S.C. section 216(b). *Breuer v. Jim's Concrete of Brevard, Inc.*, 123 S.Ct. 1882 (2003) (Supreme Court unanimously held that removal in FLSA case was proper because section 216(b) does not bar removal). The *Breuer* Court, relying on 28 U.S.C. § 1441(a), held that an employer sued in state court for alleged violations of the FLSA has the right, despite objections from the plaintiff, to have the case removed. *Id.,* at 1887. Because Plaintiff's Complaint seeks relief based on an alleged violation of the FLSA, and seeks relief premised upon that statute's language and requirements, subject matter jurisdiction is specifically vested in this Court and the case may be removed. *See Sparta Surgical Corporation v. NASD, Inc.*, 159 F.3d 1209, 1211-1212 (9th Cir. 1998) (complaint alleging state causes of action but seeking relief based in part upon NASD rules was properly removed to federal court because subject matter jurisdiction specifically vested in federal court). Plaintiff's Complaint presents a "substantial, disputed question of federal law" as an essential element of his causes of action. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

9. Furthermore, both the Ninth Circuit and this Court have recognized that a federal court may exercise jurisdiction over a Section 17200 cause of action if a "substantial, disputed question of federal law is a necessary element" of the claim. *See, e.g., Brennan v. Southwest Airlines,* 134 F.3d 1405, 1409 (9th Cir. 2004) (removal jurisdiction upheld when Section 17200 claim rested on interpretation of federal tax code); *People ex rel. Lockyer v. Dynegy Power*

1  *Marketing*, 375 F.3d 831, 838 (9th Cir. 2004) (removal jurisdiction upheld for Section 17200 claim which "turn[ed], entirely, upon the defendant's compliance with a federal [energy] regulation"); *Nat'l Credit Reporting Assn v. Experian Information Solutions*, No. C 04-01661 WHA, 2004 U.S. Dist. LEXIS 17303, at * 10 (N.D. Cal., July 21, 2004) (Section 17200 claim which was predicated on violation of federal antitrust claim held removable to federal court; "even if § 17200 provides for a separate remedy for a violation of the borrowed federal law, the 'unlawful' prong of § 17200 necessarily requires a determination that the borrowed federal law was violated").[1] Because Plaintiff's Complaint requires resolution of a substantial, disputed federal question, the case may be removed to this Court.

10.   Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any of Plaintiff's causes of action purported premised on state law because they are substantially related to his causes of action based on federal law. Because these causes of action arise from the same nucleus of operative facts as do his causes of action based on federal law, all should be tried in one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over Plaintiff's entire Complaint. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

### III. VENUE

11.   Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84. This action originally was brought in the Superior Court of the State of California, County of San Francisco.

### IV. JOINT NOTICE OF REMOVAL

12.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Joint Notice of Removal will be given to counsel for the Plaintiff, and a copy of the Joint Notice of Removal will be filed with the Clerk of the Superior Court for the County of San Francisco.

---

[1] A true and correct copy of this case is attached to the Declaration of Anthony J. Rao served herewith.

1  WHEREFORE, Defendants respectfully request this action be duly removed to this
2  Court, and that it proceed herein.

3

4  DATED: May 12, 2005                    SEYFARTH SHAW LLP

5

6                                          By _____
                                              Anthony J. Rao
7                                             Attorneys for Defendants
                                              GOODMAN NETWORKS, INC., JAMES
8                                             E. GOODMAN, JOHN A. GOODMAN,
                                              JOHN DEBUS, JAMES E. NALLEY,
9                                             ALEX BABER, JIMMY HULETT, MIKE
                                              SMITH, SCOTT PICKETT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF1 28209789.1           Joint Notice of Removal of Action to Federal Court