SEYFARTH SHAW LLP
William J. Dritsas (SBN 097523) Wdritsas@seyfarth.com
Anthony J. Rao (SBN 173512) arao@seyfarth.com
Laura J. Maechtlen (SBN 224923) lmaechtlen@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
GOODMAN NETWORKS, INC., JAMES E. GOODMAN,
JOHN A. GOODMAN, JOHN DEBUS, JAMES E. NALLEY,
ALEX BABER, JIMMY HULETT, MIKE SMITH, SCOTT PICKETT


LAW OFFICES OF JARED E. PETERSON
Jared E. Peterson (SBN 49700) jaredep@pacbell.net
2017 Lincoln Street
Berkeley, California 94709
Telephone: (510) 841-4462
Facsimile: (510) 841-4464

FLYNN, DELICH & WISE LLP
James B. Nebel (SBN 69626) jamesn@fdw-law.com
One California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 693-5566
Facsimile: (415) 693-0410

Attorneys for Plaintiff
CHARLES ADAMS

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ADAMS, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GOODMAN NETWORKS, INC.; JAMES E. GOODMAN; JOHN A. GOODMAN; JOHN DEBUS; JAMES E. NALLEY; ALEX BABER; JIMMY HULETT; MIKE SMITH; SCOTT PICKETT; and DOES 1 through 500,<br><br>    Defendants. | Case No. C0501973 PJH<br><br>**CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

1  WHEREAS, the parties hereto are or will be conducting class discovery, which includes
2  interrogatories, the inspection of documents, depositions, and business records subpoenas;
3  WHEREAS, some of the information and documents sought in discovery contain or
4  relate to information of a private, confidential or proprietary nature, or to trade secret
5  information, the disclosure of which might result in irreparable harm and/or invasion of privacy,
6  including inter alia, private or personnel documents of current or former temporary employees or
7  employees of GOODMAN NETWORKS, INC. ("Goodman Networks"); policies, business
8  practices and procedures, business know-how, guidelines, or programs implemented by
9  Goodman Networks; information and documents regarding the structure or operations of
10 Goodman Networks; and other documents of Goodman Networks containing or relating to
11 business information that is of a private, confidential, and/or proprietary nature;
12 THEREFORE, pursuant to the Federal Rules of Civil Procedure, the purpose of this
13 Protective Order is to permit the parties and their respective counsel to discover certain
14 information, documents and things from each other and to reasonably limit disclosure of said
15 confidential information that may be exchanged and produced now and in the future during this
16 litigation;
17 IT IS HEREBY AGREED AND STIPULATED THAT:
18 1.   Discovery in this action may involve disclosure of trade secrets, business
19 strategies, customer or client files, customer or client private information, personnel and salary
20 information, and other confidential, proprietary or non-public business, technical, employee, and
21 financial information. This Protective Order shall govern the production in this action of all
22 documents or other information through formal discovery procedures, including without
23 limitation, documents in written or electronic form produced in response to requests for
24 production of documents, documents responsive to deposition notices, subpoenaed documents,
25 answers to interrogatories, requests for admission, and deposition or other oral testimony
26 (collectively "Discovery Materials").
27 2.   The provisions of this Protective Order shall apply to: (i) the parties to this action,
28 including, in the case of parties other than individuals, their independent contractors, officers,

directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action, and (iii) any other person or entity who produces or provides Discovery Materials in this action and agrees to be bound by the terms of this Protective Order.

3. Any party or witness producing Discovery Materials which that party or witness believes in good faith are unavailable to the public, not readily determinable from other sources, and are or have been treated as confidential by that party or witness may designate such Discovery Materials as "CONFIDENTIAL."

4. A producing party or witness may designate as "CONFIDENTIAL," in whole or in part, any Discovery Materials by so advising all other parties and marking any copies of the document or material provided (in a manner not affecting legibility) with the word "CONFIDENTIAL." Any party or non-party may obtain confidential treatment for Discovery Materials previously produced by any party or non-party without such designation if the party seeking the designation does so within thirty (30) days of production, sends written notice of such designation to all other parties or non-parties in possession of such Discovery Materials, and marks and reproduces the Discovery Materials.

5. Confidential Discovery Materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. A non-producing party shall not, except by consent of the producing party or witness, use "CONFIDENTIAL" Discovery Materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the prosecution and/or defense of this action.

6. A non-producing party shall not, without the consent of the producing party or witness, disclose "CONFIDENTIAL" Discovery Materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

  (a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action;

  (b) The parties' in-house counsel who are assisting in the prosecution and/or defense of this action;

  (c) The named parties in this action and employees, officers, and directors of named parties;

  (d) Any expert retained or consulted in connection with the prosecution and/or defense of this action;

  (e) Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony;

  (f) Court reporters and stenographers; and

  (g) The Court and any persons employed in the Court whose duties require access to "CONFIDENTIAL" Discovery Materials.

  7. All persons to whom "CONFIDENTIAL" Discovery Materials are disclosed pursuant to subparagraphs 6(a)-(f) shall be advised of the existence of this Protective Order. All persons to whom Discovery Materials are disclosed must agree to the terms of this Protective Order and abide by them.

  8. Whenever possible, the lawyer defending a deposition or other oral testimony involving "CONFIDENTIAL" Discovery Materials shall affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within thirty (30) days from the date they receive a copy of the transcript.

  9. Any party may object to the designation of particular Discovery Materials as "CONFIDENTIAL" by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with reasonable specificity the Discovery Materials to which the objection is directed and the basis for the objection. The parties shall

attempt to resolve any such dispute by meeting and conferring.  In the event the dispute cannot be resolved within ten (10) business days of receipt of such notice, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed Discovery Materials not be designated "CONFIDENTIAL."  The disputed Discovery Materials shall be treated as "CONFIDENTIAL" pending an in-camera review and ruling from the Court.

10. Within sixty (60) days of the conclusion of this action, all "CONFIDENTIAL" Discovery Materials, including any summaries and copies thereof, shall be returned to the producing or providing party or witness to be destroyed, or shall be destroyed.  Within that time, counsel for receiving parties shall provide to the party or witness producing or providing "CONFIDENTIAL" Discovery Materials a declaration stating that all such Discovery Materials, including copies or summaries thereof, have been returned or destroyed.

11. This Protective Order may be modified by written stipulation signed by the parties or counsel or by order of the Court.  Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

12. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action.  This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery.  The production or provision of Discovery Materials subject to this Protective Order shall not constitute an admission as to the admissibility at trial of any Discovery Material.

13. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion, or *ex-parte* application if the requirements for an *ex-parte* application have been met.

4
Confidentiality Stipulation and [Proposed] Protective Order

14. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

DATED: July 7, 2005

SEYFARTH SHAW LLP

By _____
Anthony J. Rao
Attorneys for Defendants
GOODMAN NETWORKS, INC., JAMES E. GOODMAN, JOHN A. GOODMAN, JOHN DEBUS, JAMES E. NALLEY, ALEX BABER, JIMMY HULETT, MIKE SMITH, SCOTT PICKETT

DATED: July 21, 2005

LAW OFFICES OF JARED E. PETERSON

By _____
Jared E. Peterson
Attorneys for Plaintiff CHARLES ADAMS

DATED: July ___, 2005 (August 4)

FLYNN, DELICH & WISE LLP

By _____
James B. Nebel
Attorneys for Plaintiff CHARLES ADAMS

5
SF1 28214256.1    Confidentiality Stipulation and [Proposed] Protective Order

1 **[~~PROPOSED~~] ORDER**

2  The Court, having reviewed the parties' joint Confidentiality Stipulation and Protective

3 Order filed with the Court on August 17, 2005, and good cause appearing therefor, hereby

4 **GRANTS** the Confidentiality Stipulation and Protective Order under the terms set forth therein.

6 DATED: August 18, 2005       By _____
                                    Honorable Phyllis J. Hamilton