1  LAW OFFICES OF JARED E. PETERSON
   Jared E. Peterson (Bar No. 49700) jaredep@pacbell.net
2  2017 Lincoln Street
   Berkeley, California 94709
3  Telephone: (510) 841-4462
   Facsimile: (510) 841-4464
4
5  FLYNN, DELICH & WISE LLP
   James B. Nebel (Bar No. 69626) jamesn@fdw-law.com
6  One California Street, Suite 350
   San Francisco, California 94111
7  Telephone: (415) 693-5566
   Facsimile: (415) 693-0410
8  Attorneys for Plaintiff
   CHARLES ADAMS
9
10 SEYFARTH SHAW LLP
   William J. Dritsas (SBN 097523) Wdritsas@seyfarth.com
11 Anthony J. Rao (SBN 173512) arao@seyfarth.com
   560 Mission Street, 31st Floor
12 San Francisco, California 94105
   Telephone: (415) 397-2823
13 Facsimile: (415) 397-8549
14 Attorneys for Defendants
   GOODMAN NETWORKS, INC.,
15 JAMES E. GOODMAN, JOHN A. GOODMAN,
   JOHN DEBUS, JAMES E. NALLEY, ALEX BABER,
16 JIMMY HULETT, MIKE SMITH, SCOTT PICKETT

17                  UNITED STATES DISTRICT COURT
18                 NORTHERN DISTRICT OF CALIFORNIA
19                      SAN FRANCISCO DIVISION
20

21 CHARLES ADAMS, on behalf of himself and )  Case No.: C 05 01973 PJH
22 others similarly situated,              )
                                           )  **NOTICE OF MOTION AND JOINT**
23           Plaintiff,                    )  **MOTION FOR FINAL APPROVAL OF**
                                           )  **CLASS ACTION SETTLEMENT;**
24       vs.                               )  **MEMORANDUM IN SUPPORT**
                                           )
25 GOODMAN NETWORKS, INC., et al.,         )  Date: September 13, 2006
                                           )  Time: 9:00 a.m.
26           Defendants.                   )  Courtroom 3, 17th Floor
                                           )  Honorable Phyllis J. Hamilton
27 _____)
28

---

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;         1
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

Left margin: **FLYNN, DELICH & WISE**
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

**TABLE OF CONTENTS**

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL
  OF CLASS ACTION SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    TERMS OF THE SETTLEMENT AGREEMENT . . . . . . . . . . . . . . . . . 4

    III.    THE NOTICE PROCEDURES REQUIRED BY THE
         PRELIMINARY APPROVAL ORDER HAVE BEEN
         COMPLETED, THE RESULTS OF WHICH INDICATE
         THAT THE CLASS MEMBERS OVERWHELMINGLY
         SUPPORT THE CLASS SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . 5

    IV.    THE SETTLEMENT, WHICH WAS PRELIMINARILY
         APPROVED BY THE COURT AND OVERWHELMINGLY
         APPROVED BY THE CLASS, IS FAIR, ADEQUATE AND
         REASONABLE, AND S HOULD BE FINALLY APPROVED . . . . . . . 6

        A.    The Court Should Finally Certify The
            Settlement Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.    Following Well-Established Legal Principles,
            The Court Should Grant Final Approval To
            The Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    Standard of Review by the Court . . . . . . . . . . . . . . . . . . . 8

            2.    The Settlement is Presumed to be Fair . . . . . . . . . . . . . . . 9

            3.    The Value of the Settlement Favors
                 Final Approval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            4.    The Risks Inherent in Continued Litigation
                 Against Defendants Favor Final Approval . . . . . . . . . . . . . 11

            5.    The Complexity, Expense, and Likely
                 Duration of Continued Litigation Against
                 the Defendants Favor Final Approval . . . . . . . . . . . . . . . . . 12

**FLYNN, DELICH & WISE**
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

i

      6.      The Experience and Views of Counsel
Favor Final Approval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      7.      Defendants do not Oppose Plaintiff's
Application for Fees and Costs or His
Application for an Enhancement Award . . . . . . . . . . . . . . 13

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7,8

*Class Plaintiffs v. City of Seattle,* 955 F.2d 1268 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . .   9,10

*Dunk v. Ford Motor Co.,* 48 Cal.App.4th 1794 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Ellis v. Naval Air Rework Facility,* 87 F.R.D. 15 (N.D. Cal. 1980) . . . . . . . . . . . . . . . . . .   9

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Mandujano v. Basic Vegetable Prods. Inc.,* 541 F.2d 832 (9th Cir. 1976) . . . . . . . . . . . .   6

*Officers for Justice v. Civil Serv. Comm'n. of the City and County
of San Francisco,* 955 F.2d 1268 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9,13

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . .   6

*Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . .   12

**Statutes**

Federal Rule of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7,8

Federal Rule of Civil Procedure 23(a)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Federal Rule of Civil Procedure 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

Federal Rule of Civil Procedure 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3,6,8,13

Federal Rule of Civil Procedure 23(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3,13

**Other Authorities**

Manual for Complex Litigation (4th Ed. 2004), § 21.61 . . . . . . . . . . . . . . . . . . . . . . . . .   9,11,12

Newberg on Class Actions (4th Ed. 2002), § 11.41 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9,12

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

iii

# NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**NOTICE IS HEREBY GIVEN** that on September 13, 2006, at 9:00a.m., before the Honorable Phyllis J. Hamilton, in Courtroom 3, 17th floor of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff Charles Adams ("Adams" or "plaintiff"), as the representative of the class preliminarily certified for settlement purposes, and defendants Goodman Networks, Inc., James E. Goodman, John A. Goodman, John Debus, James E. Nalley, Alex Baber, Jimmy Hulett, Mike Smith and Scott Picket, (collectively, "defendants"), will bring on for hearing their Motion, hereby jointly made, for entry of the proposed Order submitted herewith, pursuant to Federal Rules of Civil Procedure 23(e) and 23(h)  as follows:

1. The terms set forth in this Order shall have the same meaning as defined in the settlement agreement.

2. This case involves numerous complex issues of law and regulation, including application of state and federal employment standards currently at issue in appellate litigation and regulatory action.

3. The Court approves the settlement and the Settlement Class.  The settlement is fair, adequate, reasonable and valid.

4. The Settlement Class is certified as a nationwide FLSA collective action and class action for settlement purposes only.

5. Any member of the Settlement Class who did not properly and timely opt-out or request exclusion from the Settlement Class shall be bound by the judgment entered in the action even if he or she did not opt-in to the FLSA class.

6. The Court approves the $1,000,000 settlement, plus the costs of any applicable employer payroll taxes (FICA).

7. The Court approves payments to Settlement Class members who filed Claim Forms and have not opted out of their pro rata shares of the settlement fund after deductions for plaintiff's participation award and attorneys' fees and costs.

8. Jared E. Peterson of the Law Offices Of Jared E. Peterson, and James B. Nebel of the law offices of Flynn, Delich & Wise LLP are appointed as Class Counsel.

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

1

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

1       9.      Charles Adams is appointed as the Class Representative.

2       10.     The Court reserves exclusive and continuing jurisdiction over the subject matter of
3  the Wage Action, the Defendants, the Class Representative, the Settlement Class, the state
4  subclass, and the FLSA collective action for purposes of supervising the implementation,
5  enforcement, construction, and interpretation of the settlement agreement and this final approval
6  Order.

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The parties seek the Court's final approval of the Joint Stipulation of Settlement and Release ("Stipulation of Settlement"), attached as Exhibit "A", entered into between plaintiff Adams, individually and on behalf of classes of those similarly situated, on the one hand, and defendants Goodman Networks Inc. ("GNET"), James E. Goodman, John A. Goodman, John Debus, James E. Nalley, Alex Baber, Jimmy Hulett, Mike Smith and Scott Pickett (collectively, "defendants'), on the other hand, including the payment of reasonable attorneys' fees and costs to Class Counsel, pursuant to Federal Rules of Civil Procedure 23(e) and (h). The Stipulation of Settlement, which benefits more than 197 class members[1], provides for GNET to make payments totaling $1,000,000 plus the cost of any applicable payroll taxes (FICA) to resolve this matter, together with the cost of notice to the Settlement Class, and the cost of administration of any Settlement Class claims. *See* Stipulation of Settlement, ¶ 26.

On June 14, 2006, the Court provisionally certified a settlement class, preliminarily approved the Stipulation of Settlement, and directed that the Court-approved notice be mailed to the class. The notice to the class described the terms of the settlement and the rights to opt out of the classes asserting state law claims, opt in to the class asserting federal law claims and/or object to the settlement, and described the procedure for challenging the employment data. It also informed the class of the date for the final approval hearing. *See* Order (1) Provisionally Certifying a Settlement Class, (2) Preliminarily Approving Class and Collective Settlement, (3) Directing Distribution of Notice of Settlement and Opportunity to Opt Out, and (4)Setting a Hearing for Final Approval ("Preliminary Approval Order"), pp. 2-3, entered June 20, 2006, attached as Exhibit "B".

---

[1] As of August 29, 2006, of the total of 528 notices that were sent to putative class members, 197 claim forms have been returned. (*See* Declaration of James B. Nebel in Support of Joint Motion for Final Approval ("Nebel Final Approval Dec.") at ¶ 2). Because the postmark deadline was August 28, 2006, it is possible that additional timely claims forms will be received. The parties will provide an update prior to the final hearing.

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

3

1   On or before July 14, 2006, the Court-approved class notice was mailed to the 524
2 potential settlement class members.  *See* Declaration of Evette S. Roncone ("Roncone Dec.") ¶ 3.
3 No objections have been filed and only one individual opted to exclude himself from the
4 settlement class.  Id., ¶¶ 4 and 5.
5   The applicable standards and evidence supporting final approval of the Stipulation of
6 Settlement were set out in the Joint Motion for Order (1) Provisionally Certifying a Settlement
7 Class, (2) Preliminarily Approving Class and Collective Settlement, (3) Directing Distribution of
8 Notice of Settlement and Opportunity to Opt Out, and (4) Setting a Hearing for Final Approval;
9 and the Declarations of Anthony J. Rao and Jared E. Peterson in support thereof ("Preliminary
10 Approval Motion"), which were filed on May 30, 2006.  Plaintiff hereby incorporates the
11 evidence, authorities and arguments set forth in the Preliminary Approval Motion by reference.  In
12 summary, the Stipulation of Settlement is fair, reasonable and adequate, and the Court should
13 grant final approval based on its terms, the Preliminary Approval Order, and the overwhelmingly
14 positive response by the class members to the settlement.

## II.  TERMS OF THE SETTLEMENT AGREEMENT

The Stipulation of Settlement resolves all of plaintiff and class members' claims against defendants as alleged in the complaint.  Specifically, the Stipulation of Settlement provides that:

1. GNET will pay $1,000,000 in settlement of all of the claims alleged in the complaint.  Each class member will receive his or her pro rata share of the settlement based on the number of weeks worked for GNET during the relevant period, after deductions of payments for attorneys' fees and costs and an enhancement award to the named plaintiff.

2. GNET will separately pay its share of payroll (FICA) taxes on the wages portion of the individual settlement awards, which will not be deducted from the settlement fund.

3. GNET will separately pay for Gilardi & Co. LLC's settlement administration services and related cost of notice to the Settlement Class.

////
////
////

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

### III. THE NOTICE PROCEDURES REQUIRED BY THE PRELIMINARY APPROVAL ORDER HAVE BEEN COMPLETED, THE RESULTS OF WHICH INDICATE THAT THE CLASS MEMBERS OVERWHELMINGLY SUPPORT THE CLASS SETTLEMENT

The procedures for disseminating notice to class members, which were established by the Court's Order, have been fully and properly executed. In compliance with the Preliminary Approval Order, on or before July 14, 2006, the Court-approved Settlement Administrator, Gilardi & Co. LLC, sent by first class mail the Notice of Proposed Settlement of Class and Collective Action Lawsuit, Certification of FLSA Collective Action, Certification of State Law Overtime Classes, and Settlement Hearing[2]; Instructions[3]; Claim Form[4]; and Consent to Join Form[5] ("Notice Packet") to 524 class members at their last known addresses. Of the Notice Packets mailed, 67 were returned as undeliverable. Nebel Final Approval Dec. at ¶ 2. Of those, 56 were re-mailed, resulting in the filing of 15 claims. *Id*.

---

[2] The Notice of Proposed Settlement advised the class members about the terms of the settlement, including the total amount of the settlement fund and the requests for a participation award to the named plaintiff and attorneys' fees and costs to Class Counsel. The notice advised the class members of their rights to opt out and/or object to the settlement, be represented by other counsel, and attend the fairness hearing. The notice also provided instructions regarding the procedures and dates for exercising these rights. It also informed the class members about how his/her share of the settlement fund will be calculated.

[3] The Instructions advised the class members of the deadlines for returning the Claim Form and the Consent to Join Form and the consequences for not returning these forms. It also instructed class members how to challenge the employment data if they believed it was incorrect.

[4] The Claim Form advised each class member of the weeks he or she worked in the relevant claim period as reflected in GNET's personnel records, as well as the number of meal and rest period points (if applicable) and the overtime and unpaid time points. It also instructed class members how to challenge such data if they believed it was incorrect.

[5] By signing the Consent to Join Form, the class members agree to become plaintiffs in the lawsuit, designate the named plaintiff as their representative to make decisions on their behalf concerning their FLSA claims, and to choose to be represented by Class Counsel. An individual who falls within the state subclass and does not opt-out or exclude him/herself is a settlement class member for purposes of the settlement agreement and the release provisions therein even if he or she does not opt-in to the FLSA class.

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

5

The postmark deadlines for class members to opt out of or object to the settlement and/or challenge weeks worked data were August 18, 2006 and July 31, 2006, respectively. *See* Preliminary Approval Order, ¶ 12. No class members have submitted a written objection to the Settlement Agreement. *See* Roncone Dec., ¶ 5. Only one class member, out of the 528 eligible to participate in the settlement, submitted a timely statement opting out or excluding himself from the settlement class. Id., ¶ 4.

The Court-approved notice provided to class members and the notice process described above adequately protect the due process rights of the absent class members. Notice of a class action settlement is adequate when it is given in a "form and manner that does not systematically leave an identifiable group without notice." Mandujano v. Basic Vegetable Prods., Inc., 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1374 (9th Cir. 1993). The Notice Packet mailed to all class members, which was previously approved by the Court, fully satisfies these standards. The Settlement Administrator reports that out of 528 Notice Packets mailed for the potential class members, not more than 52 were ultimately not delivered because no forwarding address could be located. Nebel Final Approval Dec., ¶ 2.. Thus, a very high percentage -- 90% -- of the class members received a Notice Packet. The Court should find that notice was adequate, proceed to determine the fairness and adequacy of the Settlement Agreement, and order its final approval, with the knowledge that all absent class members have been given the opportunity to participate fully in the claims, exclusion, and approval processes.

**IV.   THE SETTLEMENT, WHICH WAS PRELMINARILY APPROVED BY THE COURT AND OVERWHELMINGLY APPROVED BY THE CLASS, IS FAIR, ADEQUATE AND REASONABLE, AND SHOULD BE FINALLY APPROVED**

Plaintiff requests that this Court take the last step in the settlement approval process, certifying the settlement class and granting final approval of the proposed settlement, pursuant to Federal Rule of Civil Procedure 23(e), for the following reasons.

////

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

6

### A. The Court Should Finally Certify the Settlement Class

On June 14, 2006, the Court provisionally certified the proposed settlement class consisting of all individuals who worked for GNET during the period described in the Stipulation of Settlement. Final certification of the proposed settlement class is appropriate under the Federal Rules of Civil Procedure pursuant to Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (applying Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997)).

Under FRCP 23(a), a settlement class must meet four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. First, the numerosity requirement is met because the proposed class has approximately 528 people who worked for GNET as technicians for GNET's clients in California and other states during the liability period. Second, the commonality requirement is met because the proposed class members' claims all stem from the same sources; i.e., they did not receive overtime wages; did not receive compensation for travel, waiting or unrecorded time; and did not receive pay in lieu of unpaid or untaken meal and rest periods, among other things. They seek similar legal remedies pursuant to state and federal law. Third, the typicality requirement is met because class representative and class members claim that GNET did not pay overtime wages, compensation for travel, waiting or unrecorded time, and pay in lieu of unpaid or untaken meal and rest periods; failed to maintain or furnish employees with proper wage records; failed to timely pay all wages upon discharge; engaged in unfair competition under Business and Professions Code § 17200, *et seq*.; and committed fraud or concealment.[6] Finally, the class members are adequately represented because named plaintiff and his counsel did not have any conflicts of interest with other class members and class counsel prosecuted the case vigorously on behalf of the class. Hanlon, 150 F.3d at 1020. These standards are met here.

Additionally, the settlement is "narrowly circumscribed", and any class member who wishes to "opt out" of the settlement may do so. Id. Likewise, named plaintiff and his counsel engaged in a long day of arms length mediation with defendants before agreeing upon this

---

[6] By the terms of the Settlement Agreement, defendants have not admitted liability and they continue to deny these claims.

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

7

settlement.  Thus, plaintiff's counsel's prosecution of this case has been sufficiently vigorous to meet the requirement of Rule 23(a)(4).  <u>Id.</u>  Under the foregoing circumstances, the requirements of Rule 23(a) are met with respect to the proposed settlement class.

The requirements of FRCP 23(b)(3), which allow class certification where common questions of law and fact predominate over individual questions and class treatment is superior to individual litigation, have also been met.  When assessing predominance and superiority, the Court may consider that the class will be certified for settlement purposes only, and that a showing of manageability of trial is not required.  <u>Amchem, supra</u>, 521 U.S. at 618-620.  Plaintiff and all class members seek overtime pay under state and federal law for work performed as technicians for GNET's clients, as well as compensation for unpaid travel, waiting and unrecorded time and pay in lieu of unpaid or untaken meal and rest periods, and damages for failure to maintain or furnish proper wage records, failure to timely pay all wages upon discharge, and fraud or concealment.[7]  Furthermore, class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.  <u>Hanlon, supra</u>, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution".  <u>Id.</u>  Here, as in <u>Hanlon</u>, the alternative methods of resolution are individual claims for a small amount of damages.  <u>Id.</u>  These claims would prove uneconomical for potential plaintiffs because litigation costs could dwarf potential recovery; for this additional reason, "a class action is the clearly preferred procedure in this case."  <u>Id.</u>

Therefore, certification of the proposed settlement class is appropriate under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

**B.  Following Well-Established Legal Principles, the Court Should Grant Final Approval to the Settlement**

**1.  Standard of Review by the Court**

A class action may be dismissed, compromised or settled with approval of the Court.  Fed.R.Civ.P. 23(e).  The decision to approve or reject a proposed settlement is committed to the sound discretion of the Court.  <u>Hanlon, supra</u>, 150 F.3d at 1026.  The Court's final evaluation of

---

[7]  Plaintiffs also seek injunctive relief under Business and Professions Code § 17200, *et seq*.

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

8

the proposed Settlement Agreement is to determine whether it is fair, reasonable and adequate. Id. at 1026; *accord* Manual for Complex Litigation (4th Ed. 2004) (hereinafter "Manual"), § 21.61 at 308 ("[T]he judge must determine that the settlement terms are fair, adequate and reasonable"). A settlement is fair, adequate and reasonable, and therefore merits final approval, when "the interests of the class are better served by the settlement than by further litigation." Manual, § 21.61 at 309. The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992); Newberg on Class Actions, § 11.41 (4th Ed. 2002) (and cases cited therein).

The Court possesses broad discretion in determining that a proposed class action settlement is fair. Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). However, the Court's "intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Id. Moreover, the Court does not have the ability to modify the settlement agreement, which must stand or fall in its entirety. Hanlon, supra, 150 F.3d at 1026, *citing* Officers for Justice, supra, 688 F.2d at 628; Manual, § 21.61 at 309 ("The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement.")

### 2. The Settlement is Presumed to be Fair

The Court should begin its analysis with the presumption that the settlement is fair and should be approved. There is a presumption of fairness where "(1) the settlement is reached through arm's length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." Dunk v. Ford Motor Co., 48 Cal.App.4th 1794, 1802 (1996); *accord,* Ellis v. Naval Air Rework Facility, 87 F.R.D. 15, 18 (N.D. Cal. 1980); Newberg, § 11.41.

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

9

1   This standard is met here.  The Stipulation of Settlement followed months of investigation;
2   production of thousands of pages of documents by defendants identifying the size and scope of the
3   proposed class, including highly detailed compensation and employment information for randomly
4   chosen putative class members; a thorough review and analysis of all the information and
5   documents produced by defendants, including a comprehensive analysis of the facts and legal
6   issues in the case and the value of the case; and an assessment of defendants' financial stability
7   and ability to fund the settlement.  Declaration of James B. Nebel, filed May 30, 2006 in support
8   of plaintiff's motion for preliminary approval of fees and enhancement payment ("Nebel
9   Preliminary Approval Dec."), ¶¶ 11-15.  The settlement reached between the parties was the
10  product of arms' length negotiations between attorneys experienced in wage and hour class
11  actions, who possessed voluminous documents and factual information, which they carefully
12  analyzed, with the assistance of an experienced mediator.  Nebel Preliminary Approval Dec., ¶¶
13  13, 16-17; Declaration of Anthony J. Rao in Support of Motion for Final Approval ("Rao Final
14  Approval Dec."), ¶3, submitted herewith.

15  Finally, the response of the class to the notice supports approval of the settlement.  None of
16  the members filed any objections to the settlement.  One class member timely opted out of the
17  settlement, but did not object to the terms of the settlement.  The Court may appropriately infer
18  that a class action settlement is fair, adequate and reasonable when, among other reasons, few
19  class members object to it.  City of Seattle, supra, 955 F.2d at 1291.  The Court thus should
20  construe the lack of any expressed opposition to the settlement by the class,ced the very low rate
21  of exclusion requests, as a strong indication that class members themselves view the settlement as
22  fair, adequate and reasonable.  A presumption of fairness thus exists here.

23  **3.   The Value of the Settlement Favors Final Approval**

24  One of the factors the Court should assess to determine whether the settlement is fair,
25  reasonable and adequate is the amount offered in settlement.  Hanlon, supra, 150 F.3d at 1026.
26  This factor weighs in favor of final approval here.  The $1,000,000 settlement fund provides
27  compensation to the class members; attorneys' fees and costs and a participation payment to the
28  named plaintiff, who contributed his time and effort for the ultimate substantial benefit of the

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;   10
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

absent class members.  Declaration of Jared E. Peterson, filed May 30, 2006 in support of plaintiff's motion for preliminary award of fees and enhancement payment ("Peterson Preliminary Approval Dec."), ¶¶ 19-20.  GNET also agreed to pay any applicable state and federal employer payroll (FICA) taxes on the back pay portion of the individual settlement awards, which will not be deducted from the settlement fund.  Stipulation of Settlement, ¶ 26.

The settlement fund is significant in terms of defendants' total damages exposure, even assuming that plaintiff prevailed on all class certification and liability issues.  While it is premature to calculate ranges of awards or the average rate of compensation per week worked because it can reasonably be expected that additional, timely claims forms will be received, it is believed that the amount of individual awards will be substantial.  The parties will provide updated information prior to the hearing.

Finally, no class members have objected to the amount of the recovery, which was disclosed to the class members in the class notice and preliminarily approved by this Court. Roncone Dec. ¶ 5; Preliminary Approval Order, ¶ 4 and Exhibit "A", p. 5, thereto.  For all of these reasons, the Court should find that the value of the settlement weighs in favor of final approval.

### 4. The Risks Inherent in Continued Litigation Against Defendants Favor Final Approval

The Court must balance the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation to assess the fairness, adequacy and reasonableness of a class action settlement.  Hanlon, supra, 150 F.3d at 1026 (among the factors the court should balance are the risk of further litigation, including that of maintaining class action status through trial, and the amount offered in settlement); Manual, supra, § 21.62 at 316 (this analysis involves consideration of "the advantages of the proposed settlement versus the probable outcome of the trial, … [and] the probability that the class claims, issues, or defenses could be maintained through trial on a class basis. …").

This factor supports final approval because the Stipulation of Settlement affords the class members prompt, significant relief, while avoiding risks that may have prevented the class from obtaining any recovery at all.  While counsel for plaintiff and defendants had divergent views about the value of the case and the potential defenses asserted by defendants, serious issues arose

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

11

about defendants' earnings, cash flow, financial stability and ability to fund the settlement. Nebel Preliminary Approval Dec., ¶ 15. Other risks of continued litigation include prevailing on class certification in a case that also includes a FLSA opt-in procedure, demonstrating that class members are not exempt from FLSA's overtime requirements, and rebutting defendants' vigorous challenges to class members' estimates of their overtime hours worked. Because the Stipulation of Settlement provides immediate and significant relief, without the attendant risks and delay of continued litigation, it warrants this Court's approval.

### 5. The Complexity, Expense, and Likely Duration of Continued Litigation Against the Defendants Favor Final Approval

Another factor considered by courts in approving a settlement is the complexity, expense and likely duration of the litigation. Hanlon, supra, 150 F.3d at 1026; Manual, § 21.62 at 316. The policy that favors settlements of class actions and other complex cases applies with particular force in this case. Wage and hour class action cases are expensive and time consuming to prosecute. Thus economies of time, effort and expense will be achieved by this settlement. The alternative to a class action – individual litigation for approximately 528 workers – would tax private and judicial resources over a period of years. Given the relatively modest amount of damages each class member has incurred, individual litigation would be uneconomical even for those with the finances, sophistication, and tenacity to secure individual legal representation. The Stipulation of Settlement, on the other hand, provides to all class members, regardless of their means, relief in a prompt and efficient manner. Were the Court to deny final settlement approval, the class members would be left without a remedy as a practical matter and courts across the state would have to address the issues presented here in a piecemeal, costly and time-consuming manner. The Stipulation of Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits". Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 950 (9th Cir. 1976); 4 Newberg § 11.41 (citing cases).

////

////

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

12

### 6. The Experience and Views of Counsel Favor Final Approval

Finally, the Court should consider the experience and views of Class Counsel in assessing the proposed settlement.  Hanlon, supra, 150 F.3d at 1026.  Qualified and well-informed counsel's endorsement of a settlement as fair, reasonable and adequate is entitled to be given weight. Officers for Justice, supra, 688 F.2d at 625.  Class Counsel support the settlement as fair, reasonable and adequate, and in the best interest of the class as a whole.  Nebel Preliminary Approval Dec., ¶ 17; Peterson Preliminary Approval Dec. ¶ 5.  Class Counsel believe this settlement to be an excellent result for the class.  Counsel for the defendants concurs.  Rao Final Approval Dec., ¶ 3 and 6.

### 7. Defendants do not Oppose Plaintiff's Application for Fees and Costs or his Application for an Enhancement Award

Defendants understand that Class Counsel will concurrently submit applications for awards of attorneys' fees and costs and an enhancement award for the Class Representative.  Defendants do not object to either the entitlement to these awards or the reasonableness of the amounts requested.

## V. CONCLUSION

For all of the foregoing reasons, pursuant to Fed.R.Civ.P. 23(e) and (h), plaintiff respectfully requests that the Court finally approve the Stipulation of Settlement; certify the settlement class; appoint the Law Offices of Jared E. Peterson and Flynn, Delich & Wise LLP as

////
////
////
////
////
////
////
////
////

FLYNN, DELICH & WISE
ATTORNEYS AT LAW
ONE CALIFORNIA STREET, SUITE 350
SAN FRANCISCO, CALIFORNIA 94111
(415) 693-5566

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

13

Class Counsel; appoint Charles Adams as Class Representative; and approving and ordering payments to the class members, who have not opted out, of their pro rata shares of the settlement fund after deductions for plaintiff's participation award and attorneys' fees and costs.

Dated: August 30, 2006        Respectfully submitted,

LAW OFFICES OF JARED E. PETERSON
FLYNN, DELICH & WISE LLP

            /s/ James B. Nebel
By _____
            James B. Nebel
Attorneys for Plaintiff
CHARLES ADAMS

Dated: August 30, 2006        SEYFARTH SHAW LLP

            /s/ Anthony J. Rao
By _____
            Anthony J. Rao
Attorneys for Defendants
GOODMAN NETWORKS, INC.,
JAMES E. GOODMAN, JOHN A. GOODMAN,
JOHN DEBUS, JAMES E. NALLEY, ALEX BABER,
JIMMY HULETT, MIKE SMITH, SCOTT PICKETT

NOTICE OF MOTION AND JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM IN SUPPORT
*Adams v. Goodman,* Case No. C 05 01973 PJH

14