1  SEYFARTH SHAW LLP
   William J. Dritsas (SBN 097523) Wdritsas@seyfarth.com
2  Anthony J. Rao (SBN 173512) arao@seyfarth.com
   Laura J. Maechtlen (SBN 224923) lmaechtlen@seyfarth.com
3  560 Mission Street, 31st Floor
   San Francisco, California 94105
4  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
5
   Attorneys for Defendants
6  GOODMAN NETWORKS, INC.,
   JAMES E. GOODMAN, JOHN A. GOODMAN,
7  JOHN DEBUS, JAMES E. NALLEY, ALEX BABER,
   JIMMY HULETT, MIKE SMITH, SCOTT PICKETT
8
9  LAW OFFICES OF JARED E. PETERSON
   Jared E. Peterson (SBN 49700) jaredep@pacbell.net
10 2017 Lincoln Street
   Berkeley, California 94709
11 Telephone:  (510) 841-4462
   Facsimile:  (510) 841-4464
12
   FLYNN, DELICH & WISE LLP
13 James B. Nebel (SBN 69626) jamesn@fdwp-law.com
   One California Street, Suite 350
14 San Francisco, California 94111
   Telephone:  (415) 693-5566
15 Facsimile:  (415) 693-0410
16 Attorneys for Plaintiff
   CHARLES ADAMS
17
                  UNITED STATES DISTRICT COURT
18
         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
19
20 CHARLES ADAMS, on behalf of himself and    )   Case No. C0501973 PJH
   others similarly situated,                 )
21                                            )   **JOINT STIPULATION OF**
                Plaintiff ,                    )   **SETTLEMENT AND RELEASE**
22                                            )
            v.                                 )   **JUDGE: HON. PHYLLIS J.**
23                                            )   **HAMILTON**
   GOODMAN NETWORKS, INC.; JAMES E.           )
24 GOODMAN; JOHN A. GOODMAN; JOHN            )
   DEBUS; JAMES E. NALLEY; ALEX BABER;       )
25 JIMMY HULETT; MIKE SMITH; SCOTT           )
   PICKETT; and DOES 1 through 500,           )
26                                            )
                Defendants.                    )
27 _____   )
28

_____
                Joint Stipulation of Settlement and Release / Case No. C0501973 PJH

# INTRODUCTION

1.       This Joint Stipulation of Settlement and Release ("Agreement") is entered into by and between plaintiff Charles Adams ("Plaintiff"), individually and on behalf of classes of those similarly situated, on the one hand, and defendants Goodman Networks, Inc., James E. Goodman, John A. Goodman, John Debus, James E. Nalley, Alex Baber, Jimmy Hulett, Mike Smith, and Scott Pickett ("Defendants"), on the other hand, by and through their respective counsel of record.  This Agreement supersedes any and all prior memoranda of understanding or proposals and accurately sets forth the parties' settlement in the amount of One Million Dollars ($1,000,000.00) to resolve all class, collective, and individual claims for alleged violations of the federal Fair Labor Standards Act, the California Labor Code, California Industrial Welfare Commission Orders, California Business & Professions Code §§ 17200, *et seq.*, intentional fraud and concealment, and other state wage and hour, fraud, or concealment laws, orders and regulations, as detailed below.

# DEFINITIONS

2.       Plaintiff and Defendants are collectively referred to as "Parties."

3.       "Class Counsel," subject to Court approval, are:

| | |
|---|---|
| Jared E. Peterson | James B. Nebel |
| LAW OFFICES OF JARED E. | FLYNN, DELICH & WISE LLP |
| PETERSON | One California Street, Suite 350 |
| 2017 Lincoln Street | San Francisco, California 94111 |
| Berkeley, California 94709 | |

4.       "Defendants' Counsel" are:

William J. Dritsas
Anthony J. Rao
Laura J. Maechtlen
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105

5.       The "Settlement Class," subject to Court approval, consists of Plaintiff, all current and former employees of Goodman Networks, Inc. employed anywhere in the United States in the positions of NOC Engineer, Installer 1, Installer 2, Installer 3, Installer 4, Driver, Drive Tester, Cell Tech, Cell Tech 2, Engineer, Field Engineer, Field Service Engineer, FSE, FSE 1,

1   FSE 2, FSE 3, FSE 4, FSE 4A, 4A, Tester, Lead Installer, Switch Engineer, Switch Technician,

2   and Technician, at any time during the relevant Claims Periods set forth below:

3          a.      Under applicable state laws, excluding those current or former employees

4                  who opt-out of or exclude themselves from this state subclass:

5                          (i)      In all states in the United States (other than Alaska, Arizona,

6                                   Idaho, Minnesota, Montana, Nevada, New Hampshire, New

7                                   Mexico, North Dakota, South Dakota, Utah, Vermont, and

8                                   Wyoming wherein employees did not work) and in the District of

9                                   Columbia, except for California, Florida, Hawaii, Kentucky,

10                                  Maine, Nebraska, Oregon, and New York: April 8, 2002 through

11                                  December 28, 2005 ("General State Claim Period").

12                         (ii)     In California and Nebraska: April 8, 2001 through December 28,

13                                  2005 ("California and Nebraska Claim Period").

14                         (iii)    In Florida and Kentucky: April 8, 2000 through December 28,

15                                  2005 ("Florida and Kentucky Claim Period").

16                         (iv)     In Hawaii, Maine, New York and Oregon, April 8, 1999 through

17                                  December 28, 2005 ("Hawaii, Maine, New York, and Oregon

18                                  Claim Period").

19         b.      Under the FLSA, excluding those current or former employees who do not

20                  opt-in to the FLSA class:

21                         (i)      April 8, 2002 through December 28, 2005 ("FLSA Claim Period").

22  An individual who falls within the state subclass and does not opt-out or exclude him/herself is a

23  Settlement Class member for purposes of this Agreement and the release provisions of this

24  Agreement even if he or she does not opt-in to the FLSA class.

25         6.      The "Class Representative," subject to Court approval, is Charles Adams, who

26  has been designated class representative for the Settlement Class, and is a member of the

27  Settlement Class.

28

7.      The "Effective Date" is the date on which this Agreement becomes effective: following entry of final order by the Court approving this Agreement and after the appeal period runs and any appeals are resolved.

8.      "Settlement Administrator," subject to Court approval, is:

> Gilardi & Co. LLC
> 3301 Kerner Blvd.
> San Rafael, California 94901
> (415) 461-0410
> fax (415) 461-0412

9.      The "Wage Action" is a civil action pending in the United States District Court for the Northern District of California, Case No. C0501973 PJH, entitled Charles Adams v. Goodman Networks, Inc., James E. Goodman, John A. Goodman, John Debus, James E. Nalley, Alex Baber, Jimmy Hulett, Mike Smith, and Scott Pickett.

## LITIGATION BACKGROUND

10.     Plaintiff filed the Wage Action on April 8, 2005 alleging wage and hour violations under the FLSA and California law, unfair competition (California Business and Professions Code section 17200), and fraud and concealment.  Defendants answered the complaint in state court on May 12, 2005, and removed the case to federal court based on federal question jurisdiction (FLSA). The case was assigned for all purposes to Judge Phyllis Hamilton. Plaintiff's proposed class in his complaint consists of: "all non-exempt employees of Goodman who were employed by Goodman to work for Goodman's clients in the telecommunications industry as temporary employees, and who were entitled to, but not paid, overtime wages for work that they performed on an hourly or piece-work basis at any time during the last four years."  Plaintiff's complaint states "the members of the plaintiff class were hired by Goodman to perform non-exempt work as electronic technicians, which work consisted of various kinds of duties, including without limitation, switching out equipment, upgrading networks, installing systems for e911, installing and maintaining electronic components or systems, installing switching systems, and providing many other types of labor and services for Goodman's clients in the telecommunications industry."  The complaint encompasses employees working in

Alabama, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and Wisconsin, and in the District of Columbia.  The Wage Action seeks recovery of unpaid wages, overtime wages, penalties, interest, attorneys' fees and costs, and injunctive relief.  The complaint sets forth claims for:

a.     Unpaid overtime (over 40 hours per week, or 8 hours per day depending on the state at issue);

b.     Unpaid or untaken meal and rest periods;

c.     Unpaid travel time;

d.     Unpaid waiting and unrecorded time;

e.     Failure to maintain and furnish employees with proper wage records;

f.     Failure to timely pay all wages due upon discharge;

g.     Unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq.*;

h.     Fraud; and,

i.     Concealment.

11.     During the pendency of the Wage Action, Class Counsel and Defendants' Counsel vigorously investigated the claims against Defendants.  As part of the investigation, on or about the time Federal Rule 26 disclosures were made, Defendants voluntarily produced wage records of 15 randomly chosen putative class members.  Thereafter, Defendants provided wage records for 15 additional putative class members chosen by Plaintiff's counsel.  The wage records included, but were not limited to, hourly rate information, employment position, state in which the employment occurred, daily time sheets, dates of hire and discharge, piece rate wages and information, personnel files, wage stubs, and other wage records.  In addition, Defendants' Counsel interviewed corporate representatives who had knowledge of the facts and provided information to Class Counsel.  The Parties agreed the production of thousands of pages of wage records related to the claims asserted on behalf of the putative class would facilitate meaningful

1   and productive settlement discussions prior to engaging in formal certification or class discovery,

2   and engaging in the certification process.  Class Counsel has reviewed and analyzed all of the

3   wage records provided and other information produced by Defendants relating to the putative

4   class.

5          12.     Certain claims, demands and differences exist between the Parties, including,

6   *inter alia*, Plaintiff's contention that Defendants failed to pay the Settlement Class wages due for

7   certain time worked (including but limited to travel time, waiting time, and unrecorded time),

8   failed to pay appropriate overtime wages, failed to provide the Settlement Class with meal and

9   rest periods, failed to pay all wages due upon termination, failed to maintain and/or provide the

10  Settlement Class with appropriate wage stubs or wage records, engaged in unfair competition,

11  and committed intentional fraud or concealment against the Settlement Class.

12         13.     Defendants deny any liability or wrongdoing of any kind associated with the

13  claims alleged in the Wage Action.  Defendants further contend, among other things, that they

14  complied with the FLSA, all state wage and hour laws, and California Business and Professions

15  Code section 17200.  Defendants deny that they failed to pay the Settlement Class according to

16  state or federal law, deny they failed to provide meal or rest periods required under state law,

17  deny they failed to maintain or provide appropriate wage stubs or wage records, deny they

18  engaged in unfair competition, and further deny they committed fraud and/or concealment

19  against the Settlement Class.  Plaintiff believes he has filed a meritorious action based on alleged

20  violations of the FLSA, state wage and hour laws, California Business and Professions Code

21  section 17200, and the torts of fraud and concealment.

22         14.     After Defendants appeared in the Wage Action, and after the Parties exchanged

23  thousands of pages of information, the Parties agreed to meet and confer over both the legal

24  issues and the factual bases underlying Plaintiff's claims.  Counsel for the Parties discussed the

25  legal and factual issues several times via conference call and in written communications, and

26  exchanged workplace and statistical analysis information, as well as charts with workplace

27  information, in an extended confidential settlement process.  Class Counsel analyzed the factual

28  and statistical information and continued to discuss the legal and factual issues in this case.

15.     After analyzing the workplace information provided, the Parties selected a highly regarded employment-law mediator, John B. Bates, Jr. of JAMS, who has participated in employment mediation and arbitration for many years, including complex wage and hour class actions.

16.     The Parties met with Mediator Bates on December 28, 2005 in San Francisco, California ("the Mediation").  The Parties prepared comprehensive mediation statements and participated in pre-mediation conferences prior to the Mediation.  During Mediation, Goodman Networks provided independent audited financial information to Class Counsel and, after hours of arms-length negotiations, the Parties agreed to settle all applicable state and federal class and collective action claims, nationwide, for $1,000,000, inclusive of any additional compensation to be paid to the Class Representative, contributions for attorneys' fees, costs and interest, and any other settlement costs or sums, except the cost of notice to the Settlement Class and the cost of any administration of Settlement Class claims.  The costs of notice and administration will be borne by Defendants.  The independent audited financial information provided at the Mediation accurately described Goodman Networks' financial position and ability to pay the settlement.  Class Counsel analyzed the audited financial information and engaged in vigorous settlement discussions with Defendants' Counsel and Mediator Bates.  Mediator Bates approved of the settlement based on his independent neutral evaluation of the case.  The Parties signed a draft settlement agreement at the Mediation.

17.     This case involves numerous complex issues of law and regulation, including application of state and federal employment standards currently at issue in appellate litigation and regulatory action.  This fact, the ordinary risks and hazards inherent in ongoing litigation, and the cost of continuing to prosecute and defend the Wage Action, have led the Parties to resolve the case by way of settlement.

18.     Class and Defendants' Counsel represent they have conducted a thorough investigation into the facts of the Wage Action and diligently pursued an investigation of Settlement Class members' claims against Defendants.  Based on their own independent investigation and evaluation, Class and Defendants' Counsel are of the opinion that the

1    settlement with Defendants is fair, reasonable, and adequate and is in the best interests of the

2    Settlement Class in light of all known facts and circumstances, including the risk of significant

3    delay, litigation risks, Goodman Networks' finances, and the defenses asserted by Defendants.

4                                    **JURISDICTION AND VENUE**

5          19.    Defendants do not challenge this Court's exercise of personal jurisdiction over

6    them in the Wage Action.  This Court has jurisdiction over the subject matter of the Wage Action

7    pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).  Venue is proper in that a

8    substantial part of the events or omissions at issue arose in this judicial district.  This Court will

9    have continuing jurisdiction over the terms and conditions of this Agreement, until all payments

10   and obligations contemplated herein have been fully executed.  Except as set forth herein, the

11   Court will further have continuing jurisdiction to resolve any dispute that may arise with regard

12   to the terms and conditions of this Agreement.

13   **CERTIFICATION OF FLSA COLLECTIVE ACTION AND A STATE LAW CLASS**

14         20.    For purposes of settling the Wage Action, the Parties stipulate and agree the

15   requisites for establishing class and collective action certification with respect to the Settlement

16   Class have been met and are met, and therefore, stipulate to class and collective action

17   certification for settlement purposes.  More specifically, the Parties stipulate and agree that:

18             a.    The Settlement Class is so numerous as to make it impracticable to join all

19                   members;

20             b.    There is an ascertainable class;

21             c.    There are common questions of law and fact including, but not necessarily

22                   limited to, the following:

23                   (i)    whether the Settlement Class was paid all overtime worked;

24                   (ii)   whether the Settlement Class was entitled to and took meal and

25                          rest breaks;

26                   (iii)  whether the Settlement Class was paid for all non preliminary and

27                          non postliminary travel time, waiting and unrecorded time;

28

(iv)   whether Defendants kept and furnished the Settlement Class with proper wage records;

(v)   whether the Settlement Class was timely paid all wages due upon discharge;

(vi)   whether Settlement Class members were victims of fraud or concealment; and,

(vii)   whether Defendants' business practices violated Business & Professions Code § 17200.

d.   Plaintiff's claims are typical of the claims of the members of the Settlement Class.

e.   Class Counsel should be deemed class counsel and will fairly and adequately protect the interests of the Settlement Class.

f.   The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct.

g.   Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members in the Settlement Class, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

21.   The Parties agree to promptly submit to the Court a motion and proposed order seeking preliminary approval of settlement and, for purposes of settlement, certifying an FLSA collective action and a subclass consisting of Settlement Class members in all states in the United States (other than Alaska, Arizona, Idaho, Minnesota, Montana, Nevada, New Hampshire, New Mexico, North Dakota, South Dakota, Utah, Vermont, and Wyoming wherein employees did not work) and in the District of Columbia.  The Parties agree the proposed order will include:

a.   Findings that for purposes of settlement, the nationwide FLSA group is similarly situated such that the issuance of a *Hoffman-LaRoche* notice is appropriate;

b.   Certification of a nationwide FLSA collective action;

c.   Findings that the applicable nationwide state subclass meets the requirements for class certification under Federal Rule of Civil Procedure 23;

d.   A deadline within 45 days of mailing of Class Notice and Claim Forms for opting in to the FLSA collective action, and filing a Claim Form in this action;

e.   A deadline within 35 days of mailing of Class Notice and Claims Forms for opting out of, or excluding oneself from, the state subclass under Federal Rule of Civil Procedure 23;

f.   A deadline of 35 days after mailing of Class Notice for objecting to the settlement;

g.   Appointment of the Plaintiff as class representative for the FLSA action and the state subclass;

h.   Appointment of Class Counsel as counsel for the FLSA collective action and for the state subclass;

i.   Approval of Class Notice, Claim Form, Instructions, and Consent to Join to be sent to the Settlement Class;

j.   A date for mailing the Class Notice, Claim Form, Instructions, and Consent to Join Form which is 30 days after preliminary approval of the settlement;

k.   A final date for determinations of claim amounts to be made by the Settlement Administrator which is 21 days prior to the final approval hearing.

In addition, Class Counsel may petition the Court for the right to send a reminder to any Settlement Class member who has not turned in a Claim Form within the 45 days after mailing of Class Notice. Subject to Court approval, that reminder will inform the Settlement Class member that he/she had failed to turn in a Claim Form, and will provide a new Twenty (20) day period allowing for him/her to submit a Claim Form.

22.    The Parties agree that Rule 23 class certification and FLSA collective action treatment under the terms of this Agreement are for settlement purposes only. Nothing in this Agreement will be construed as an admission or acknowledgment of any kind that any class should be certified or given collective treatment in the litigation of this matter or in any other action or proceeding. In the event this Agreement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court:

    a.    This Agreement shall have no force or effect;

    b.    This Agreement shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

    c.    The preliminary and conditional certification of the Wage Action shall automatically be null and void and the fact of it shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and

    d.    None of the Parties to this Agreement will be deemed to have waived any claims, objections, defenses or arguments with respect to the issue of class or collective action certification or maintenance of the Wage Action as a collective or class action.

## TERMS OF SETTLEMENT

23.    It is agreed by and among the Plaintiff and Settlement Class members and Defendants and other Releasees described in Paragraph 24 that the Wage Action and any claims, damages, causes of action, demands, and losses, contingent or non-contingent, known or unknown, suspected or unsuspected, that Plaintiff and Settlement Class members ever had, have,

1  or will have, arising out of the disputes or substantially similar to those asserted in the disputes

2  that are the subject of the Wage Action or that were or could have been asserted in the Wage

3  Action on or before the end of the relevant Class Period, be hereby released, settled, and

4  compromised as between the Plaintiff and Settlement Class members and Defendants and

5  Releasees, subject to the terms and conditions set forth in this Agreement and the approval of the

6  Court.

7        24.    It is the intention of the Parties that this Agreement shall constitute a full and

8  complete settlement and release of all claims arising from, or relating to, the Wage Action,

9  including, without limitation, any and all claims under state and federal law for unpaid

10  compensation, penalties and attorney's fees, which release shall include in its effect Defendants,

11  and each of their present and former affiliates, parent companies, subsidiaries, shareholders,

12  officers, partners, directors, employees, agents, attorneys, insurers, predecessors, successors and

13  assigns and each and all of their respective officers, partners, directors, servants, agents,

14  shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and

15  future, and all persons acting under, by, through, or in concert with any of them (collectively, the

16  "Releasees").

17        25.    <u>Dismissal</u>.  The Parties agree to cooperate and take all steps necessary and

18  appropriate to dismiss the Wage Action with prejudice to the claims of Plaintiff and all

19  Settlement Class members.

20        26.    <u>Maximum Payment</u>.  The maximum payment under this Agreement, including but

21  not limited to all payments to the Settlement Class, the Class Representative enhancement award,

22  all attorneys' fees and costs, and any other settlement sums or costs, except the cost of notice to

23  the Settlement Class, the cost of administration of any Settlement Class claims, and the amount

24  of Goodman Networks' liability for any payroll taxes due as a result of wage payments made to

25  the Settlement Class, shall be One Million Dollars ($1,000,000.00) in the aggregate ("Settlement

26  Fund").  Other than Goodman Networks' share of taxes associated with wage payments to the

27  Settlement Class, under no circumstances will Defendants be required to pay more than

28  $1,000,000 total, for any reason under this Agreement.

27.   <u>Settlement Fund.</u>  Assuming entry of final judgment has been entered dismissing Defendants with prejudice from the Wage Action, and the expiration or exhaustion of any rights of appeal therefrom, Defendants agree to pay the Settlement Fund as follows:

     a.    $1,000,000.00 on October 1, 2006 less Court approved attorneys' fees for Class Counsel;

     b.    $100,000 on October 1, 2006 for Court approved attorneys' fees for Class Counsel;

     c.    The balance of Court approved attorneys' fees for Class Counsel will be paid on December 31, 2006.

If the Court does not approve the settlement on or before June 30, 2006, the parties may mutually agree in writing that each date set forth in subsections (a) through (c) shall be continued equivalently from the actual date of Court approval of the settlement.  The Settlement Administrator will deposit the proceeds in an interest bearing account.  The Settlement Administrator will draw from that account all payments to Class Counsel, the Class Representative, and eligible Settlement Class members.  The Effective Date, earlier described at Paragraph 7, shall be the date of final approval if no objections are filed to the settlement.  If objections are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of final approval shall be Fifteen (15) days after the Court enters final approval. If an appeal is taken from the Court's overruling of objections to the settlement, then the Effective Date of final approval shall be Fifteen (15) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.  If the Effective Date of final approval eventually occurs, then the interest earned on the Settlement Fund, if any, will be included in the Net Fund Value (defined below).  If final approval is denied, or final approval is reversed on appeal, then Defendants are entitled to prompt return of the Settlement Fund and all interest accrued.

28.   This settlement provides for a claims process requiring Defendants to make a Settlement Fund payment of $1,000,000 as set forth in Paragraph 27 that shall be referred to as a Gross Fund Value ("GFV"), which shall represent all payments Defendants shall make toward

1 the settlement of this action (except that Defendants shall also be responsible for the employer

2 share of payroll taxes), and this GFV shall be used to cover all payments of class claims,

3 attorney's fees and costs, and the Class Representative enhancement award.

4        29.     After determination of the final GFV, the Net Fund Value ("NFV") will constitute

5 the total sum from which the Settlement Class will be paid after Court-approved attorneys' fees

6 and costs, and the Class Representative enhancement award described herein are subtracted from

7 the GFV.

8        30.     In consideration of the mutual covenants, promises, and warranties set forth

9 herein, the Parties agree, subject to the Court's approval, as follows:

10               a.     <u>Payments to Settlement Class Members</u>:  In consideration for settlement

11                      and a release of all claims of the Settlement Class against Defendants,

12                      Defendants agree to pay to each member of the Settlement Class who was

13                      employed by Defendants within the applicable Claim Periods (see

14                      Paragraph 5) a pro-rata share of the NFV.  The pro rata share of the NFV

15                      shall be calculated as follows:

16                     (i)      For those state subclass members working in California,

17                              Connecticut, Delaware, Illinois, Maine, Massachusetts, Nevada,

18                              and Oregon, relying on the time each employee entered into

19                              Goodman Networks' timekeeping system, each employee will

20                              receive one "Meal and Rest Period Point" for each workweek

21                              between April 8, 2004 and April 8, 2005 that the employee

22                              recorded any direct time.  Class Counsel have assessed that these

23                              states have meal and rest period laws that provide more penalties

24                              to employees who miss meal and rest periods.

25                     (ii)     Relying on the time each employee entered into Goodman

26                              Networks' timekeeping system, each employee will receive one

27                              "Overtime and Unpaid Time Point" for each workweek that the

28

employee recorded any direct time during the applicable Claim
Period.

       (iii)    Each Settlement Class member's Total Points shall be the sum of
their Meal and Rest Period Points, if applicable, and Overtime and
Unpaid Time Points.

       (iv)    Each Settlement Class member who submits a Claim Form shall
receive a pro rata share of the NFV equal to the Settlement Class
member's Total Points divided by the aggregate Total Points of all
Settlement Class members who file qualified claims, multiplied by
the NFV.

       (v)    Settlement Class Members who do not timely submit a blue
Consent to Join the FLSA claim form will have their pro-rata share
of the NFV reduced by ten percent (10%).  This 10% remainder
will be distributed evenly to all Settlement Class members who
submit blue Consent to Join forms.

   b.    <u>Attorneys' Fees and Costs</u>:  Class Counsel will apply to the Court for
attorneys' fees and costs to be paid from the Settlement Fund.  Defendants
will not oppose or comment on that application.  The Settlement
Administrator shall make separate payments, as directed, to the law firms
of Class Counsel and shall issue to each firm an IRS Form 1099 for those
payments.  Prior to making those payments, the Settlement Administrator
shall withhold from the payment any income taxes it is required by law to
withhold and, by the applicable legal deadline, shall remit those
withholdings to the appropriate tax authorities.

   c.    <u>Class Representative Enhancement Awards</u>:  Class Counsel also may
apply to the Court for additional compensation (above awards to
Settlement Class members) to the Class Representative for his
participation in the Wage Action.  Defendants will not oppose or comment

15

on that application.  The Settlement Administrator shall issue to the Class Representative an IRS Form 1099 for this payment.  Prior to making this payment, the Settlement Administrator shall withhold from the payment any income taxes it is required by law to withhold and, by the applicable legal deadline, shall remit those withholdings to the appropriate tax authorities.

d.      Costs of Settlement Administrator:  The Parties have selected Gilardi & Co. to act as Settlement Administrator in this Wage Action.  Gilardi & Co. has agreed to perform all necessary Settlement Class administration duties for a fee not to exceed $50,000.

e.      Tax Treatment of Claim Share Portion of Settlement Payments:  Of the amount to be paid to Settlement Class, 30% is allocated to wages, 60% is allocated to penalties or liquidated damages, and 10% to interest.  Separate from its payment to the GFV, Defendants shall be responsible for paying the employer's share of payroll taxes on any portion of the settlement where payroll taxes are required by law.   The Settlement Administrator will be responsible for all required withholdings.  Each Settlement Class member will receive an IRS Form W-2 from the Settlement Administrator for his or her portion of the amount treated as wages and will be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amount.  Each Settlement Class member will receive an IRS Form 1099 from the Settlement Administrator for his or her  portion of the amount treated as penalties and will be responsible for correctly characterizing this compensation for tax purposes and for payment of any taxes owing on said amount.  In the event of an audit of Defendants by any state or federal government agency, or if any tax authority should dispute the characterization of this

compensation, Defendants reserve all rights to indemnification permitted by law.

      f.    <u>Tax Treatment of Class Representative Enhancement Award</u>:  Plaintiff will receive an IRS Form 1099 for his individual enhancement award, and will be responsible for correctly characterizing this additional compensation for tax purposes and for payment of any taxes owing on said amount.  In the event of an audit of Defendants by any state or federal government agency, or if any tax authority should dispute the characterization of this compensation, Defendants reserve all rights to indemnification permitted by law.

      g.    Other than the amount of Goodman Networks' liability for any payroll taxes due as a result of wage payments from the Settlement Fund, Defendants shall not be liable to pay additional money or contribute any additional funds for taxes that result from the settlement payments under this Agreement.  All Parties represent that they have not received, and shall not rely on, advice or representations from other Parties or their agents regarding the tax treatment of payments under federal, state, or local law.

      h.    <u>Settlement Payout Timetable</u>:  Pursuant to the timetable set forth in Paragraph 27, the Settlement Administrator will pay all claims, and Court-approved attorney's fees, costs, and the Class Representative enhancement award.  No money will be distributed unless and until the Effective Date of final approval occurs.

**NOTICE TO THE SETTLEMENT CLASS ("NOTICE PROVISION")**

    31.    Within Fifteen (15) days of the entering of an order granting preliminary approval of the settlement and Class Notice (defined below), Defendants will provide to the Settlement Administrator all of the following information about each Settlement Class member: (1) name, (2) last known home address, (3) Social Security number, (4) hire and termination dates, (5) state

1  in which the work was performed, (6) Meal and Rest Period Points, and (7) Overtime and

2  Unpaid Time Points.

3       32.    Within Thirty (30) days after the Court enters an order granting preliminary

4  approval of the settlement and the Class Notice (defined below), and subject to the approval of

5  the Court, the Settlement Administrator will mail a Notice of Proposed Settlement of Class

6  Action Lawsuit, Certification of the FLSA Action, Certification of the State Law Overtime

7  Classes, and Settlement Hearing ("Class Notice") in the form attached hereto as Exhibit "A" to

8  each Settlement Class member, by first class mail.  Attached to the Notice will be a green Claim

9  Form, a blue Consent to Join form, and Instructions in the form attached as Exhibit B.  The Class

10  Notice will inform the Settlement Class of the right to object to the settlement, and the procedure

11  by which to object or opt-out.  The Settlement Administrator will include with the Notice a blank

12  IRS Form W-9.

13       33.    Prior to mailing the Class Notice, the Settlement Administrator will update the

14  addresses for the Settlement Class members using the National Change of Address database.

15  Any returned envelopes from the initial mailing with forwarding addresses will be used by the

16  Settlement Administrator to locate missing Settlement Class members.  The Settlement

17  Administrator will use all appropriate tracing methods to ensure that the Class Notice is received

18  by all Settlement Class members.

19       34.    At least fourteen (14) days prior to the final approval and fairness hearing, Class

20  Counsel shall provide the Court a declaration by the Settlement Administrator of due diligence

21  and proof of mailing of the Class Notice.  In addition, any further briefs or supporting papers

22  relating to the final approval and fairness hearing, including Class Counsel's request for

23  attorneys' fees and expenses and an enhancement award for the Class Representative must be

24  submitted at least fourteen (14) days prior to the hearing.

25       35.    <u>Exclusion or Opt-Out</u>.  Settlement Class members may opt out of, or exclude

26  themselves from, the Settlement Class under Federal Rule Civil Procedure 23 by mailing to the

27  Settlement Administrator a written statement expressing their desire to be excluded from the

28  class.  The statement must include their name (and former name), current address, telephone

1  number, social security number, and the dates of employment with Goodman Networks.  Any

2  such written exclusion must be post-marked not more than Thirty Five (35) calendar days after

3  the date Class Notice is mailed to the Settlement Class.  Written exclusions that do not include

4  all required information, or that are not submitted on a timely basis, will be deemed null, void,

5  and ineffective.  Persons who are eligible to and do submit valid and timely exclusion statements

6  not participate in the settlement, nor will they be bound by the terms of the proposed settlement,

7  if it is approved, or the final judgment in this Wage Action.  Any Settlement Class member who

8  fails to exclude him/herself from the settlement will be deemed a participant whose rights and

9  claims are determined by the terms of this Agreement, including the release provisions of

10  Paragraph 47, as approved or modified by the Court.  Settlement Class members shall be

11  permitted to rescind their exclusion statements in writing by submitting a rescission statement to

12  Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's

13  final approval hearing or as otherwise ordered by the Court.

14       36.   Opt-In.  Pursuant to 29 U.S.C. 216(b), Settlement Class members may join the

15  Wage Action alleging violations of the Fair Labor Standards Act ("FLSA") by mailing to the

16  Settlement Administrator a signed Consent to Join Form.  The Consent to Join Form must be

17  post-marked not more than Forty Five (45) calendar days after the date Class Notice is mailed to

18  the Settlement Class.  Settlement Class members who submit valid and timely Consent to Join

19  Forms will become plaintiffs, and designate Charles Adams as their representative to make

20  decisions on their behalf concerning their FLSA claims.  Any Settlement Class member who

21  fails to exclude him/herself from the settlement pursuant to Paragraph 35 will be deemed a

22  participant whose rights and claims are determined by the terms of this Agreement, including the

23  release provisions of Paragraph 47, as approved or modified by the Court, even if he or she does

24  not opt in to the FLSA class.

25       37.   Resolution of Claim Disputes.  The Claim Form will apprise the Settlement Class

26  of examples of amounts members in various situations could receive if 100% of the Settlement

27  Class participates in the settlement and opt-in under the FLSA, and according to Goodman

28  Networks' records, (1) the workweeks employed in the relevant Claim Period, (2) workweeks

19

employed in California, Connecticut, Delaware, Illinois, Maine, Massachusetts, Nevada, and Oregon, (3) Meal and Rest Period Points (if applicable), (4) Overtime and Unpaid Time Points, and (5) Total Points for each Settlement Class member.  A "Qualified Claimant" is an individual in the Settlement Class who timely submits a Claim Form signed under the penalty of perjury.  If a Qualified Claimant disputes Defendants' records (on a Claim Form) as to the dates he or she worked as a Settlement Class member, or the applicable points, the Settlement Administrator will examine Goodman Networks' timekeeping records in an attempt to resolve the dispute.  In making this decision, the time entered into Goodman Networks' timekeeping system is dispositive as to time worked by a Settlement Class member; no claimant may increase the size of his or her claim by arguing the time he or she worked is greater than that recorded by Goodman Networks' timekeeping system.  In any event, the Settlement Administrator must resolve any such disputes prior to final approval of this settlement.  The Settlement Administrator's determination is final and binding without a right of appeal.  Settlement Class members must submit a written, signed challenge and their Claim Form to the Settlement Administrator within Fifteen (15) calendar days of the date the Claim Form was mailed to the Settlement Class member.  No dispute will be timely if postmarked more than Fifteen (15) calendar days after the date the Claim Form was mailed to the Settlement Class.

38.  <u>Right to Rescission</u>.  Notwithstanding any other provision of this Agreement, Defendants shall retain the right, in the exercise of their sole discretion, to nullify the settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the final approval hearing, if forty (40) or more Settlement Class members exclude themselves or opt-out of the settlement.  The number of Settlement Class members opting-in to the FLSA collective action is not determinative.  In the event of such a rescission, no party may use the fact that the Parties agreed to settle this case as evidence of Defendants' liability in this lawsuit or the lack thereof.

39.  <u>Objections</u>.  Settlement Class members who wish to object to this settlement must do so in writing or appear in person at the final approval and fairness hearing.  Those who wish to object in writing must state the basis of the objection and mail the objection to Class Counsel

20

1   and Defendants' Counsel postmarked on or before Thirty-Five (35) calendar days after the date

2   Class Notice and Claims Forms are mailed to the Settlement Class.  Settlement Class members

3   shall be permitted to withdraw their objections in writing by submitting a withdrawal statement

4   to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's

5   final approval hearing, or otherwise ordered by the Court.

6                    **DUTIES OF SETTLEMENT ADMINISTRATOR**

7          40.     The Parties have agreed to the appointment of Gilardi & Co. to perform the duties

8   of Settlement Administrator for the purpose of issuing Claims Forms, independently reviewing

9   the Claim Forms and documentation associated with the number of work weeks Settlement Class

10  members worked in the relevant Class Periods, and for the purpose of verifying any amounts due

11  to Qualified Claimants as described in the Agreement.   This administration duty will include

12  without limitation, mailing notices, claim forms, and the calculation, processing, and mailing of

13  all class member settlement checks and tax forms (including W-2s and 1099s) to the Settlement

14  Class and tax authorities.  The Settlement Administrator will report, in summary or narrative

15  form, the substance of its findings.  The Settlement Administrator will be granted reasonable

16  access to Goodman Networks' records to perform its duties.  All disputes relating to the

17  Settlement Administrator's ability and need to perform its duties will be referred to Mediator

18  Bates, if necessary.

19                         **CLAIM PROCESS**

20         41.     Settlement Class members will be permitted no more than Forty Five (45)

21  calendar days from the date the Notices are mailed by the Settlement Administrator to postmark

22  Claim Forms and properly completed IRS Form W-9s.

23         42.     Within Seven (7) calendar days of receipt by the Settlement Administrator of each

24  timely-submitted Claim Form, the Settlement Administrator will send a deficiency notice to a

25  Settlement Class member if there is any irregularity in the completed Claim Form.  The

26  deficiency notice will provide the Class Members no more than Fifteen (15) calendar days from

27  the mailing of the deficiency notice to postmark the response to any deficiencies in writing.  The

28  failure of a Class Member to execute a Claim Form under penalty of perjury, timely submit a

1     claim form, or timely submit a response to any deficiency notice shall invalidate a claim and will

2     not be considered a deficiency subject to cure.

3          43.     All original Claim Forms must be sent directly to the Settlement Administrator at

4     the address indicated on the Claim Form.  The Defendants are providing the Settlement

5     Administrator a spreadsheet containing each Settlement Class member's Meal and Rest Period

6     Points, if applicable, and Overtime and Unpaid Time Points that will automatically recalculate

7     each Settlement Class member's share of the NFV based upon which Settlement Class members

8     submit qualified claims.  Using this spreadsheet, the Settlement Administrator will review the

9     Claim Forms and make any calculations of payments to be distributed as described above.  The

10     Settlement Administrator will certify jointly to Class and Defendants' Counsel which claims

11     were timely filed.  The Settlement Administrator will be responsible for issuing the payments

12     and calculating and withholding all required state and federal taxes, and for communicating this

13     information to Defendants.  Upon completion of its calculation of payments, the Settlement

14     Administrator will provide the Parties with a report listing the amount of all payments to be

15     made to each Qualified Claimant.  Proof of payment will be filed with the Court and provided to

16     the Parties' counsel.

17          44.     Settlement Class members will have Ninety (90) calendar days after mailing by

18     the Settlement Administrator to cash their settlement payments.  If Settlement Class members do

19     not cash their settlement payment checks within the 90 day period, their settlement checks will

20     be void and a stop-pay will be placed.  In such event, those Settlement Class members will be

21     deemed to have waived irrevocably any right in or claim to a settlement share, but this

22     Agreement nevertheless will be binding upon them.  The amount remaining unpaid as a result of

23     Settlement Class members' failing to cash their settlement checks will be returned to Defendants

24     along with any interest accrued thereon.

25          45.     Upon completion of its calculation of payments, and at least Fourteen (14)

26     calendar days prior the final approval hearing, the Settlement Administrator will provide Class

27     and Defendants' Counsel with a report listing the amount of all payments to be made to the Class

28     Representative and Qualified Claimants from the NFV.  The Settlement Administrator also will

1    supply Defendants' counsel with an updated address list for the Qualified Claimants, reflecting

2    any updates discovered over the course of administering notice to the Settlement Class and

3    receipt of any challenges and written objection and exclusion statements.

4           46.     The Settlement Administrator, at Defendants' request, will print settlement checks

5    so that endorsement of the check requires payees to acknowledge a short form release as a

6    condition of payment.  Defendants must submit any such statement to Class Counsel for review

7    and approval at least twenty-one (21) days prior to the required mailing date for check

8    distribution.  If the parties cannot agree on the text and/or format of the short form release within

9    seven days, the dispute will be submitted to Mediator Bates for binding non-reviewable

10   determination.

11   **RELEASE BY THE CLASS**

12          47.     Upon the final approval by the Court of this Agreement, and except as to such

13   rights or claims as may be created by this Agreement, the Class Representative and the

14   Settlement Class fully release and discharge Defendants and any and all of their parents,

15   subsidiaries and affiliated entities and their respective officers, directors, shareholders,

16   employees, agents, attorneys, insurers, successors and assigns from any and all individual or

17   class and collective action claims, debts, liabilities, demands, obligations, guarantees, costs,

18   expenses, attorneys' fees, damages, liquidated damages, interest, penalties, actions, or causes of

19   action whatever kind or nature, whether known or unknown, contingent or non-contingent, that

20   were alleged or could have been alleged in the Wage Action on or before the end of the relevant

21   Class Period, including but not limited to all claims related to unpaid wages, unpaid overtime,

22   missed meal and rest periods, unpaid travel time, unpaid waiting time and unrecorded time, wage

23   records and record keeping, waiting time penalties, unfair competition, fraud, concealment,

24   interest and other civil penalties, under the Fair Labor Standards Act and all other federal wage

25   and hour laws and regulations, California Business and Professions Code section 17200 *et seq.*,

26   state and local wage and hour laws, regulations, orders and common law in Alabama, Arkansas,

27   California (including but not limited to the Labor Code and IWC Wage Orders), Colorado,

28   Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky,

1  Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska,

2  Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania,

3  Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and

4  Wisconsin, and in the District of Columbia, resulting from employment as a NOC Engineer,

5  Installer 1, Installer 2, Installer 3, Installer 4, Driver, Drive Tester, Cell Tech, Cell Tech 2,

6  Engineer, Field Engineer, Field Service Engineer, FSE, FSE 1, FSE 2, FSE 3, FSE 4, FSE 4A,

7  4A, Tester, Lead Installer, Switch Engineer, Switch Technician, and Technician during the

8  relevant Class Period.  This release excludes any claims the Class Representative and the

9  Settlement Class may have (a) for vested benefits pursuant to the terms of either of Defendants'

10  employee benefit plans, in accordance with the terms of such plans and applicable law; and

11  (b) under the California Workers' Compensation and Insurance Act.  This release will have *res

12  judicata, collateral estoppel*, claim preclusive, and/or issue preclusive effect as to all claims

13  made by or on behalf of any Settlement Class member who has not submitted a valid exclusion

14  or opt-out letter, or that are made, attempted, threatened to be made, continue to be made, or that

15  could have been made at any time.

16       48.    The Class Representative and Settlement Class waive all rights and benefits

17  afforded by California Civil Code § 1542 with respect to the claims released under Paragraph 47,

18  and do so understanding the significance of that waiver.  Section 1542 provides:

19      A general release does not extend to claims which the creditor does not know or
20      suspect to exist in his or her favor at the time of executing the release, which if
    known by him or her must have materially affected his settlement with the debtor.

21  In order to achieve a full and complete release of Defendants of all claims arising from or related

22  to this Wage Action, the Class Representative and Settlement Class acknowledge that this

23  Agreement is meant to include in its effect all claims that were or could have been asserted in the

24  Wage Action on or before the end of the relevant Class Period, including claims that the Class

25  Representative and Settlement Class members do not know or suspect to exist in his or her favor

26  against Defendants.

27       49.    Upon preliminary approval of the settlement, the Settlement Class shall be

28  enjoined from filing any actions, claims, complaints, or proceedings with the California

1    Department of Labor Standards Enforcement (DLSE), or from initiating similar wage and hour

2    proceedings in other states, regarding the claims released in Paragraph 47.  This settlement is

3    conditioned upon the release by all Settlement Class members of any and all claims under

4    California Labor Code § 2699, and upon covenants by all Settlement Class members that they

5    will not participate in any actions, lawsuits, proceedings, complaints, or charges brought by the

6    DLSE or other state wage and hour administrative body in any court or before any administrative

7    body for penalties.

8                    **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

9            50.      The Parties shall promptly submit this Agreement to the Court in support of a

10    request for preliminary approval and determination as to its fairness, adequacy, and

11    reasonableness.  Promptly upon execution of this Agreement, the Parties shall apply to the Court

12    for the entry of a preliminary order substantially in the following form:

13                    a.      Scheduling a preliminary fairness hearing on the question of whether the

14                            proposed settlement, including payment of attorneys' fees and costs, and

15                            the Class Representative's enhancement award, should be finally approved

16                            as fair, reasonable and adequate as to the members of the Settlement

17                            Class;

18                    b.      Certifying a settlement class for all claims;

19                    c.      Preliminarily and conditionally certifying the Settlement Class for

20                            purposes of settlement;

21                    d.      Approving as to form and content the proposed Class Notice, Claim Form,

22                            Instructions, and Consent to Join;

23                    e.      Directing the mailing of the Class Notice, Claim Form, Instructions,

24                            Consent to Join, and blank W-9 Form by first class mail to the Class

25                            Members;

26                    f.      Preliminarily approving the settlement subject only to the objections of

27                            Settlement Class members and final review by the Court;

28

                                                    25

g.   Preliminarily approving costs of administration payable to Gilardi & Co. in an amount not to exceed $50,000.

### DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL

51.   Following final approval of the settlement provided for in this Agreement, the Parties will submit a proposed final order:

a.   Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.   Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c.   Approving the enhancement award to Plaintiff;

d.   Dismissing this action on the merits and with prejudice and permanently barring all members of the Settlement Class from prosecuting against Defendants and the Releasees, any individual or class claims that were or could have been asserted in the Wage Action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the complaint in this action; and, through the date of the final approval of this Settlement upon satisfaction of all payments and obligations hereunder.

### PARTIES' AUTHORITY

52.   The signatories represent they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions hereof.

### MUTUAL FULL COOPERATION

53.   The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this

1   Agreement and the terms set forth herein.  As soon as practicable after execution of this

2   Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their

3   counsel, take all necessary steps to secure the Court's final approval of this Agreement.

4                           **NO PRIOR ASSIGNMENTS**

5         54.    The Parties represent, covenant, and warrant they have not directly or indirectly,

6   assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or

7   entity any portion of any liability, claim, demand, action, cause of action or rights released and

8   discharged herein.

9                       **NO ADMISSION AND NO PUBLICITY**

10        55.    Nothing contained herein, nor the consummation of this Agreement, is to be

11  construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part

12  of Defendants.  Each party has entered into this Agreement with the intention to avoid further

13  disputes and litigation with the attendant inconvenience and expenses.  This Agreement is a

14  settlement document and shall, pursuant to Federal Rule of Evidence 408 and California

15  Evidence Code § 1152, be inadmissible in evidence in any proceeding.  The preceding sentence

16  shall not apply to an action or proceeding to approve, interpret, or enforce this Agreement.

17        56.    The Class Representative, Class Counsel, Defendants, and Defendants' Counsel

18  agree they will not issue or cause to be issued any press release or communication, and will not

19  otherwise communicate to any media or media representative, information regarding the Wage

20  Action, the claims asserted therein, the settlement of the Wage Action and/or this Agreement or

21  the amount of money paid to resolve the Wage Action.  Provided however, that this paragraph

22  does not preclude Class Counsel from informing Settlement Class members about this settlement

23  through their firm websites.  If contacted by the press or other forms of media, the Parties and

24  their counsel will state that the matter has been resolved to the satisfaction of all Parties, who

25  believe that the settlement reflects a reasonable resolution that will avoid needless expense and

26  the inconvenience of further litigation.  Notwithstanding the terms of this paragraph, Goodman

27  Networks shall be free to make whatever disclosures it deems necessary and appropriate to its

28  officers, managers, or employees, provided those disclosures are truthful.

**CAPTIONS AND INTERPRETATIONS**

57.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

58.     The Parties agree the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties supervised by an experienced employment law mediator, and this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Agreement.

**MODIFICATION**

59.     This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

**INTEGRATION CLAUSE**

60.     This Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

**BINDING ON ASSIGNS**

61.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

**CLASS COUNSEL SIGNATORIES**

62.     It is agreed that because the large number of Settlement Class members, it is impossible or impractical to have each Settlement Class member execute this Agreement.  The Notice, Exhibit "A" hereto, will advise all Settlement Class members of the binding nature of the

release and such shall have the same force and effect as if this Agreement were executed by each member of the Settlement Class.

## VOIDING THE SETTLEMENT AGREEMENT

63.     In the event that 40 or more Settlement Class members elect to opt out of or exclude themselves from the settlement and do not timely rescind their exclusion or opt out letters, Defendants, at their sole and absolute discretion, may void this Agreement.  The number of Settlement Class members opting-in to the FLSA collective action is not determinative. Defendants may exercise their option to void this settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the final approval hearing.

## NOTICES

64.     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the Third (3) business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| To Class Counsel: | |
|---|---|
| Jared E. Peterson<br>LAW OFFICES OF JARED E. PETERSON<br>2017 Lincoln Street<br>Berkeley, California 94709 | James B. Nebel<br>FLYNN, DELICH & WISE LLP<br>One California Street, Suite 350<br>San Francisco, California 94111 |
| To Defense Counsel: | |
| William J. Dritsas<br>Laura J. Maechtlen<br>Seyfarth Shaw LLP<br>560 Mission Street, Suite 3100<br>San Francisco, CA 94105 | Anthony J. Rao<br>Seyfarth Shaw LLP<br>1270 Avenue of the Americas, Suite 2500<br>New York, NY, 10020 |

**CHOICE OF LAW**

65.     All questions with respect to the construction of this Agreement and the rights and liabilities of the Parties shall be governed by federal law and/or the applicable state law in which the Settlement Class member worked.

**INCORPORATION OF EXHIBITS**

66.     All exhibits attached hereto are incorporated by reference as if fully set forth herein.

**VOLUNTARY AND KNOWING AGREEMENT**

67.     Each of the Parties covenants that he, she or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each of the Parties further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration has been made by any person.

**COUNTERPARTS**

68.     This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and,

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**CLASS COUNSEL:**

DATED: June 15, 2006                     LAW OFFICES OF JARED E. PETERSON

                                                               /s/
                                         By_____
                                                    Jared E. Peterson
                                         Attorneys for Plaintiff and Class

DATED: June 15, 2006                     FLYNN, DELICH & WISE LLP

                                                               /s/
                                         By_____
                                                    James B. Nebel
                                         Attorneys for Plaintiff and Class

**DEFENDANTS' COUNSEL**

DATED: June 15, 2006                     SEYFARTH SHAW LLP

                                                               /s/
                                         By_____
                                                    Anthony J. Rao
                                         Attorneys for Defendants

NY1 26403663.1 / 39238-000002