1 | SEYFARTH SHAW LLP
William J. Dritsas (SBN 097523) Wdritsas@seyfarth.com
2 | Anthony J. Rao (SBN 173512) arao@seyfarth.com
Laura J. Maechtlen (SBN 224923) lmaechtlen@seyfarth.com
3 | 560 Mission Street, 31st Floor
San Francisco, California 94105
4 | Telephone: (415) 397-2823
Facsimile: (415) 397-8549
5 |                    E-Filing
Attorneys for Defendants
6 | GOODMAN NETWORKS, INC.,
JAMES E. GOODMAN, JOHN A. GOODMAN,
7 | JOHN DEBUS, JAMES E. NALLEY, ALEX BABER,
JIMMY HULETT, MIKE SMITH, SCOTT PICKETT
8 |

9 | LAW OFFICES OF JARED E. PETERSON
Jared E. Peterson (SBN 49700) jaredep@pacbell.net
10 | 2017 Lincoln Street
Berkeley, California 94709
11 | Telephone: (510) 841-4462
Facsimile: (510) 841-4464
12 |

FLYNN, DELICH & WISE LLP
13 | James B. Nebel (SBN 69626) jamesn@fdwp-law.com
One California Street, Suite 350
14 | San Francisco, California 94111
Telephone: (415) 693-5566
15 | Facsimile: (415) 693-0410

16 | Attorneys for Plaintiff
CHARLES ADAMS
17 |

UNITED STATES DISTRICT COURT
18 |
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
19 |

CHARLES ADAMS, on behalf of himself and   )   Case No. C0501973 PJH
20 | others similarly situated,              )
                                           )   [PROPOSED] ORDER (1)
21 |            Plaintiff,                   )   PROVISIONALLY CERTIFYING A
                                           )   SETTLEMENT CLASS, (2)
22 |      v.                                )   PRELIMINARILY APPROVING
                                           )   CLASS AND COLLECTIVE
23 | GOODMAN NETWORKS, INC.; JAMES E.       )   SETTLEMENT, (3) DIRECTING
GOODMAN; JOHN A. GOODMAN; JOHN             )   DISTRIBUTION OF NOTICE OF
24 | DEBUS; JAMES E. NALLEY; ALEX BABER;)   SETTLEMENT AND OPPORTUNITY
JIMMY HULETT; MIKE SMITH; SCOTT            )   TO OPT OUT, AND (4) SETTING A
25 | PICKETT; and DOES 1 through 500,       )   HEARING FOR FINAL APPROVAL
                                           )
26 |            Defendants.                 )   Date/Time: June 14, 2006; 9:00 AM
                                           )   Judge: PHYLLIS J. HAMILTON, Ctrm 3
27 |                                        )

28 |

[Proposed] Order Provisionally Certifying Settlement Class / Case No. C0501973 PJH

1       The stipulation of the parties and the joint motion seeking preliminary approval of a class

2 and collective action settlement came before this Court, the Honorable Phyllis J. Hamilton

3 presiding. The Court, having considered the papers jointly submitted in support of the motion of

4 the parties, **HEREBY ORDERS THE FOLLOWING:**

5     1.    The terms set forth in this Order shall have the same meaning as defined in the

6 settlement agreement.

7     2.    This case involves numerous complex issues of law and regulation, including

8 application of state and federal employment standards currently at issue in appellate litigation

9 and regulatory action.

10     3.    The Court grants preliminary approval of the settlement and the Settlement Class,

11 based upon the terms set forth in the Joint Stipulation of Settlement and Release filed by the

12 parties. For purposes of preliminary approval, the settlement appears to be fair, adequate, and

13 reasonable to the Settlement Class. The settlement falls within the range of reasonableness and

14 appears to be presumptively valid, subject to any objections that may be raised at the final

15 approval hearing.

16     4.    The Court approves, as to form and content, the Notice of Proposed Settlement of

17 Class Action Lawsuit, Certification of the FLSA Action, Certification of the State Law Overtime

18 Classes, and Settlement Hearing attached hereto as Exhibit A, and the green Claim Form, blue

19 Consent to Join Form, and Instructions attached hereto as Exhibit B.

20     5.    The Court directs the mailing of the Notice of Proposed Settlement of Class

21 Action Lawsuit, Certification of the FLSA Action, Certification of the State Law Overtime

22 Classes, and Settlement Hearing; the green Claim Form; the blue Consent to Join Form; and the

23 Instructions by first class mail to the Settlement Class in accordance with the schedule set forth

24 below. The Court finds the notice given to the FLSA collective action and state classes fully and

25 accurately informs all persons in the Settlement Class of all material elements of the proposed

26 settlement. The Court finds that the dates selected for the mailing and distribution of the notice,

27 claim form, consent to join form, and instructions, as set forth in Paragraph 14, meet the

28

1  requirements of due process and provide the best notice practicable under the circumstances and

2  shall constitute due and sufficient notice to all persons entitled thereto.

3      6.    The Settlement Class is preliminarily certified as a nationwide FLSA collective

4  action and class action for settlement purposes only.

5      7.    Jared E. Peterson of the Law Offices of Jared E. Peterson, and James B. Nebel of

6  the law offices of Flynn, Delich & Wise LLP are appointed as Class Counsel.

7      8.    Charles Adams is appointed as the Class Representative.

8      9.    Gilardi & Co. LLC is confirmed as the Settlement Administrator.

9      10.   The Court approves the Exclusion or Opt-Out procedure set forth in the settlement

10  agreement. Any member of the Settlement Class who does not properly and timely opt-out or

11  request exclusion from the Settlement Class shall be bound by the judgment entered in the action

12  even if he or she does not opt-in to the FLSA class. The Court also approves the Opt-In

13  procedure set forth in the settlement agreement relating to the FLSA claims.

14      11.   The Court approves the Claim Process, and the Resolution of Claim Disputes

15  procedure set forth in the settlement agreement.

16      12.   The following schedule of dates are scheduled for further proceedings:

17          a.   Defendant provides Settlement Administrator with all relevant class

18              member information, including meal and overtime points: June 29, 2006;

19          b.   Settlement Administrator sends notice and other forms to the Settlement

20              Class: July 14, 2006;

21          c.   Settlement Class members' deadline to submit written challenge to total

22              points set forth in claim form: July 29, 2006 (Saturday, so moved to July

23              31, 2006);

24          d.   Settlement Class members' deadline to postmark opt-out, or object to

25              settlement: August 18, 2006;

26          e.   Settlement Class members' deadline to postmark claim forms and opt-in to

27              FLSA action: August 28, 2006;

28

3

[Proposed] Order Provisionally Certifying Settlement Class / Case No. C0501973 PJH

1     f.    Deadline for Settlement Class members who opt-out or exclude oneself

2           from the settlement to rescind their opt-out or exclusion: prior to the final

3           approval hearing on September 13, 2006;

4     g.    Settlement Administrator's deadline to provide counsel with list of all

5           payments to be made the Settlement Class: August 30, 2006 (14 days prior

6           to final approval hearing on September 13, 2006);

7     h.    Class Counsel's deadline to provide Court with declaration from

8           Settlement Administrator of due diligence and proof of mailing of class

9           notice: August 30, 2006 (14 days prior to final approval hearing on

10          September 13, 2006);

11    i.    Settlement Class members' deadline to rescind objections to the

12          settlement: September 12, 2006 (1 business day prior to final approval

13          hearing on September 13, 2006);

14    j.    Filing date for joint brief regarding final approval and for Class Counsel's

15          brief and supporting papers relating to their request for attorneys' fees,

16          expenses and an enhancement award for the Class Representative: August

17          30, 2006;

18    k.    Final approval hearing: September 13, 2006 at 9:00 AM.

19    13.   The Court reserves exclusive and continuing jurisdiction over the subject matter

20 of the Wage Action, the Defendants, the Class Representative, the Settlement Class, the state

21 subclass, and the FLSA collective action for purposes of supervising the implementation,

22 enforcement, construction, and interpretation of the settlement agreement and this preliminary

23 approval Order.

24    14.   Defendants retain the right, in the exercise of their sole discretion, to nullify the

25 settlement by giving notice, in writing, to Class Counsel and the Court at any time prior to the

26 final approval hearing, if forty (40) or more Settlement Class members exclude themselves or

27 opt-out of the settlement. The number of Settlement Class members opting-in to the FLSA

28 collective action is not determinative. In the event of such a rescission, no party may use the fact

4

1  that the parties agreed to settle the Wage Action as evidence of Defendants' liability or the lack

2  thereof.

3  Dated: June **2D**, 2006

4  _____
   Honorable Phyllis J. Hamilton

5

6  Approved as to form:

7

8  **CLASS COUNSEL:**

9  DATED: June 15, 2006                    LAW OFFICES OF JARED E. PETERSON

10

11                                         /s/
                                    By_____
12                                         Jared E. Peterson
                                        Attorneys for Plaintiff and Class

13  DATED: June 15, 2006                    FLYNN, DELICH & WISE LLP

14

15                                         /s/
                                    By_____
16                                         James B. Nebel
                                        Attorneys for Plaintiff and Class

17

18  **DEFENDANTS' COUNSEL**

19  DATED: June 15, 2006                    SEYFARTH SHAW LLP

20

21                                         /s/
                                    By_____
22                                         Anthony J. Rao
                                        Attorneys for Defendants

23  NY1 26421114.1 / 39238-000002

24

25

26

27

28

                                    5

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHARLES ADAMS, on behalf of himself and
others similarly situated,

                Plaintiff,

                v.

GOODMAN NETWORKS, INC.; JAMES E.
GOODMAN; JOHN A. GOODMAN; JOHN
DEBUS; JAMES E. NALLEY; ALEX BABER;
JIMMY HULETT; MIKE SMITH; SCOTT
PICKETT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. C0501973 PJH

**NOTICE OF PROPOSED
SETTLEMENT OF CLASS AND
COLLECTIVE ACTION
LAWSUIT, CERTIFICATION
OF FLSA COLLECTIVE
ACTION, CERTIFICATION OF
STATE LAW OVERTIME
CLASSES, AND SETTLEMENT
HEARING**

**TO: PERSONS WHO HAVE WORKED OR CONTINUE TO WORK FOR
GOODMAN NETWORKS, INC., AS A NOC ENGINEER, INSTALLER 1,
INSTALLER 2, INSTALLER 3, INSTALLER 4, DRIVER, DRIVE TESTER,
CELL TECH, CELL TECH 2, ENGINEER, FIELD ENGINEER, FIELD
SERVICE ENGINEER, FSE, FSE 1, FSE 2, FSE 3, FSE 4, FSE 4A, 4A, TESTER,
LEAD INSTALLER, SWITCH ENGINEER, SWITCH TECHNICIAN, AND
TECHNICIAN**

### PLEASE READ THIS NOTICE CAREFULLY

Based on information in Goodman Network Inc.'s ("GNET") records, you may be a Class
Member who is entitled to receive money under the proposed settlement. In order to
participate in the settlement, you should read this Notice carefully and you must submit the
forms enclosed with this Notice.

Plaintiff and GNET encourage all Class Members to participate in this Settlement. GNET
will not retaliate in any way against current or former GNET employees who claim their
share of this one million dollar settlement. Participation does not change the settlement
amount that GNET will pay, because GNET will pay the fixed amount of one million
regardless of the number of current and former GNET employees who participate.

- For assistance completing the enclosed Green Claim Form and Blue Consent to
  Join Form, or with related matters, please contact the Adams Settlement
  Administrator (Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, California
  94901; (415) 461-0410; fax (415) 461-0412).

## IMPORTANT DEADLINES:

- **Last Day To Submit a Green Claim Form: August 28, 2006 (postmarked, or received if sent other than by mail)**

- **Last Day To Submit a Blue Consent To Join Form: August 28, 2006 (postmarked, or received if sent other than by mail)**

- **Last Day To "Opt Out" Of The Settlement Class: August 18, 2006**

- **Last Day To Submit Written Objections To The Settlement: August 18, 2006 (Alternatively, You May Object In Person At The Final Hearing on September 13, 2006)**

## INTRODUCTION

A proposed settlement of the class and collective action claims for unpaid wages, overtime compensation, and penalties raised in the above action has been reached by the Parties in this case and granted preliminary approval by the United States District Court for the Northern District of California. This Notice informs you about the terms of that settlement and about your rights and options under the settlement.

The proposed settlement will resolve all claims for unpaid overtime, unpaid or untaken meal and rest periods, unpaid travel time, unpaid waiting and unrecorded time, failure to maintain and furnish employees with proper wage records, failure to timely pay all wages due upon discharge, unfair competition, fraud, and concealment that were made in this lawsuit. A hearing will be held on September 13, 2006 at 9:00 a.m. before the Honorable Phyllis J. Hamilton, United States District Judge of the United States District Court for the Northern District of California, in Courtroom 3, of the United States District Courthouse, 450 Golden Gate Ave, San Francisco, California 94102, to address whether a proposed settlement of claims against Defendants is fair and reasonable and should be approved. You should read this Notice very carefully because your rights may be affected by the settlement.

**To participate in the settlement, you must submit a Green Claim Form by August 28, 2006. If you fail to turn in a Green Claim Form, you will receive nothing from this lawsuit.**

**To fully protect your rights under the law, you should also sign, date, and return the Blue Consent to Join Form by August 28, 2006.**

- If you worked for GNET at any time from April 8, 2002 through December 28, 2005 in any state in the United States and in the District of Columbia, except for California, Florida, Hawaii, Kentucky, Maine, Nebraska, Oregon, and New York, **in addition to submitting a Green Claim Form, you should also complete and postmark the attached Blue Consent to Join Form no later than August 28, 2006. If you do not complete and postmark the attached Blue Consent to Join Form by August 28, 2006, you will receive a lower compensation amount from the Settlement Fund.**

2

- If you worked for GNET at any time from April 8, 2001 through December 28, 2005 in California and Nebraska, **in addition to submitting a Green Claim Form, you should also complete and postmark the attached Blue Consent to Join Form no later than August 28, 2006. If you do not complete and postmark the attached Blue Consent to Join Form by August 28, 2006, you will receive a lower compensation amount from the Settlement Fund.**

- If you worked for GNET at any time from April 8, 2000 through December 28, 2005 in Florida and Kentucky, **in addition to submitting a Green Claim Form, you should also complete and postmark the attached Blue Consent to Join Form no later than August 28, 2006. If you do not complete and postmark the attached Blue Consent to Join Form by August 28, 2006, you will receive a lower compensation amount from the Settlement Fund.**

- If you worked for GNET at any time from April 8, 1999 through December 28, 2005 in Hawaii, Maine, New York and Oregon, **in addition to submitting a Green Claim Form, you should also complete and postmark the attached Blue Consent to Join Form no later than August 28, 2006. If you do not complete and postmark the attached Blue Consent to Join Form by August 28, 2006, you will receive a lower compensation amount from the Settlement Fund.**

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement, regardless of whether you make a claim or receive money.**

## WHAT ARE CLASS AND COLLECTIVE ACTIONS?

Class and collective actions are lawsuits in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives" file a lawsuit asserting claims on behalf of the entire class or those similarly situated.

The plaintiff in this case has asserted claims on behalf of himself and those similarly situated under both federal and state law. The procedure relating to wage claims filed under state law differs from those filed under federal law, even though both types of claims are filed in one proceeding in federal court. A member of a state law class action participates in a settlement of state law claims unless he or she chooses to "opt-out." In contrast, a person who is similarly situated to the plaintiff in a federal collective action does not participate in a settlement of federal law claims unless he or she chooses to "opt-in." In this wage action, an individual who falls within the state subclass and does not opt-out is a Settlement Class member for purposes of this Agreement and the release provisions of this Agreement apply even if he or she does not opt-in to the FLSA class.

The procedure described below at page 8 – involving Green and Blue Forms – will facilitate the process. The Green Form relates to claims under state law and the Blue Form relates to claims under federal law. A Settlement Class member who does not timely submit a Blue Consent to Join the FLSA claim form will have his or her share of the settlement reduced by ten percent

3

(10%). This 10% remainder will be distributed evenly to all Settlement Class members who submit Blue Consent to Join forms.

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Phyllis J. Hamilton, United States District Judge of the United States District Court for the Northern District of California has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed Settlement and of your rights, including,

- To inform you of your right to submit a claim for money under the Settlement;

- To inform you about the certification of Settlement Classes by the Court and inform you that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement and release your right to sue GNET for unpaid wages, overtime compensation, and penalties during the time you were a Class Member;

- To inform you of your right to "opt-out" of the Settlement Classes, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement and of your right to "opt-in" to the collective action settlement;

- To inform you of your right to object to the Settlement.

## WHAT IS THIS CASE ABOUT?

One former employee of GNET brought this lawsuit, claiming that GNET has violated federal and state laws concerning certain GNET temporary employees working in the telecommunications industry. The complaint encompasses employees working in Alabama, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and Wisconsin, and in the District of Columbia. The complaint sets forth claims for unpaid overtime under the federal Fair Labor Standards Act ("FLSA") as well as under state wage and hour laws (over 40 hours per week, or 8 hours per day depending on the state at issue); unpaid or untaken meal and rest periods; unpaid travel time; unpaid waiting and unrecorded time; failure to maintain and furnish employees with proper wage records; failure to timely pay all wages due upon discharge; fraud; and, concealment. Plaintiff also alleges GNET engages in an unfair business practice violating California Business and Professions Code Section 17200, a law prohibiting businesses from engaging in unfair competition. GNET denies all of Plaintiff's claims and has raised various factual and legal defenses to those claims, and has agreed to the Settlement without any admission of wrongdoing.

4

## **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?**

The parties have agreed to settle this matter for the sum of one million dollars (including attorneys' fees and expenses, excluding costs of settlement administration), plus the employer's share of applicable payroll taxes.

### **Monetary Payment**

If this Settlement is given final approval by the Court, the Settlement will result in a payment by GNET of one million dollars, plus the employer share of payroll taxes. If the Court also approves the payments set forth below, the following expenses will be deducted from the one million dollars prior to distribution of the settlement funds to the Class Members:

- Payment to the Named Class Representative: If the Court approves such payment, the Class Representative Plaintiff will receive a sum not to exceed $20,000.00. This payment would be made because the Class Representative provided many hours of service to the class by helping class counsel to formulate claims and by providing documents to support the case.

- Attorneys Fees: Class Counsel will apply to the Court for attorneys' fees in the amount not to exceed 33 1/3% of the total class recovery, or $333,333.33. This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members. Class Counsel will also seek reimbursement in expenses they incurred out of pocket of approximately $7,500.00. These requests are subject to Court approval.

If the Court approves these payments, after these deductions, the remaining settlement funds of $571,666.70, or whatever sum remains depending on what amounts the Court approves, will be distributed according to the method set forth in the "How Will My Share Be Calculated If I Participate" section, below.

### **Dismissal of Case and Release of Claims**

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge GNET and the individual defendants from any claims for unpaid wages, unpaid overtime, unpaid travel time, unpaid waiting and unrecorded time, failure to maintain and furnish employees with proper wage records, failure to timely pay all wages due upon discharge, unfair competition, fraud, and concealment that were or could have been asserted in this lawsuit under the FLSA, state wage and hours laws, and the California Unfair Competition Law, up to and including the date of final court approval of the settlement which is projected to occur on or about September 13, 2006.

The exact terms of the Release read:

UPON THE FINAL APPROVAL BY THE COURT OF THIS AGREEMENT, AND EXCEPT AS TO SUCH RIGHTS OR CLAIMS AS MAY BE CREATED BY THIS AGREEMENT, THE

5

CLASS REPRESENTATIVE AND THE SETTLEMENT CLASS FULLY RELEASE AND
DISCHARGE DEFENDANTS AND ANY AND ALL OF THEIR PARENTS, SUBSIDIARIES
AND AFFILIATED ENTITIES AND THEIR RESPECTIVE OFFICERS, DIRECTORS,
SHAREHOLDERS, EMPLOYEES, AGENTS, ATTORNEYS, INSURERS, SUCCESSORS
AND ASSIGNS FROM ANY AND ALL INDIVIDUAL OR CLASS AND COLLECTIVE
ACTION CLAIMS, DEBTS, LIABILITIES, DEMANDS, OBLIGATIONS, GUARANTEES,
COSTS, EXPENSES, ATTORNEYS' FEES, DAMAGES, LIQUIDATED DAMAGES,
INTEREST, PENALTIES, ACTIONS, OR CAUSES OF ACTION WHATEVER KIND OR
NATURE, WHETHER KNOWN OR UNKNOWN, CONTINGENT OR NON-CONTINGENT,
THAT WERE ALLEGED OR COULD HAVE BEEN ALLEGED IN THE WAGE ACTION
ON OR BEFORE THE END OF THE RELEVANT CLASS PERIOD, INCLUDING BUT NOT
LIMITED TO ALL CLAIMS RELATED TO UNPAID WAGES, UNPAID OVERTIME,
MISSED MEAL AND REST PERIODS, UNPAID TRAVEL TIME, UNPAID WAITING
TIME AND UNRECORDED TIME, WAGE RECORDS AND RECORD KEEPING,
WAITING TIME PENALTIES, UNFAIR COMPETITION, FRAUD, CONCEALMENT,
INTEREST AND OTHER CIVIL PENALTIES, UNDER THE FAIR LABOR STANDARDS
ACT AND ALL OTHER FEDERAL WAGE AND HOUR LAWS AND REGULATIONS,
CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ., STATE
AND LOCAL WAGE AND HOUR LAWS, REGULATIONS, ORDERS AND COMMON
LAW IN ALABAMA, ARKANSAS, CALIFORNIA (INCLUDING BUT NOT LIMITED TO
THE LABOR CODE AND IWC WAGE ORDERS), COLORADO, CONNECTICUT,
DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, KANSAS,
KENTUCKY, LOUISIANA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN,
MISSISSIPPI, MISSOURI, NEBRASKA, NEVADA, NEW JERSEY, NEW YORK, NORTH
CAROLINA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND,
SOUTH CAROLINA, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WEST VIRGINIA
AND WISCONSIN, AND IN THE DISTRICT OF COLUMBIA, RESULTING FROM
EMPLOYMENT AS A NOC ENGINEER, INSTALLER 1, INSTALLER 2, INSTALLER 3,
INSTALLER 4, DRIVER, DRIVE TESTER, CELL TECH, CELL TECH 2, ENGINEER,
FIELD ENGINEER, FIELD SERVICE ENGINEER, FSE, FSE 1, FSE 2, FSE 3, FSE 4, FSE
4A, 4A, TESTER, LEAD INSTALLER, SWITCH ENGINEER, SWITCH TECHNICIAN, AND
TECHNICIAN DURING THE RELEVANT CLASS PERIOD.  THIS RELEASE EXCLUDES
ANY CLAIMS THE CLASS REPRESENTATIVE AND THE SETTLEMENT CLASS MAY
HAVE (A) FOR VESTED BENEFITS PURSUANT TO THE TERMS OF EITHER OF
DEFENDANTS' EMPLOYEE BENEFIT PLANS, IN ACCORDANCE WITH THE TERMS
OF SUCH PLANS AND APPLICABLE LAW; AND (B) UNDER THE CALIFORNIA
WORKERS' COMPENSATION AND INSURANCE ACT.  THIS RELEASE WILL HAVE
RES JUDICATA, COLLATERAL ESTOPPEL, CLAIM PRECLUSIVE, AND/OR ISSUE
PRECLUSIVE EFFECT AS TO ALL CLAIMS MADE BY OR ON BEHALF OF ANY
SETTLEMENT CLASS MEMBER WHO HAS NOT SUBMITTED A VALID EXCLUSION
OR OPT-OUT FORM, OR THAT ARE MADE, ATTEMPTED, THREATENED TO BE
MADE, CONTINUE TO BE MADE, OR THAT COULD HAVE BEEN MADE AT ANY
TIME.

THE CLASS REPRESENTATIVE AND SETTLEMENT CLASS WAIVE ALL RIGHTS AND
BENEFITS AFFORDED BY CALIFORNIA CIVIL CODE § 1542 WITH RESPECT TO THE

CLAIMS RELEASED UNDER PARAGRAPH 46, AND DO SO UNDERSTANDING THE
SIGNIFICANCE OF THAT WAIVER. SECTION 1542 PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR.

IN ORDER TO ACHIEVE A FULL AND COMPLETE RELEASE OF DEFENDANTS OF
ALL CLAIMS ARISING FROM OR RELATED TO THIS WAGE ACTION, THE CLASS
REPRESENTATIVE AND SETTLEMENT CLASS ACKNOWLEDGE THAT THIS
AGREEMENT IS MEANT TO INCLUDE IN ITS EFFECT ALL CLAIMS THAT WERE OR
COULD HAVE BEEN ASSERTED IN THE WAGE ACTION ON OR BEFORE THE END OF
THE RELEVANT CLASS PERIOD, INCLUDING CLAIMS THAT THE CLASS
REPRESENTATIVE AND SETTLEMENT CLASS MEMBERS DO NOT KNOW OR
SUSPECT TO EXIST IN HIS OR HER FAVOR AGAINST DEFENDANTS.

When the claims for unpaid wages, unpaid overtime, unpaid travel time, unpaid waiting and
unrecorded time, failure to maintain and furnish employees with proper wage records, failure to
timely pay all wages due upon discharge, unfair competition, fraud, and concealment are
dismissed with prejudice, that means the Court will not consider the claims any further; the case
is over. When claims are released, that means that no one covered by the release can sue GNET
or the individual defendants over those claims.

## ARE YOU A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT?

You may be a Class Member if you meet all of the following criteria:

      1.    You are or were employed by GNET anywhere in the United States in the
positions of NOC Engineer, Installer 1, Installer 2, Installer 3, Installer 4, Driver, Drive Tester,
Cell Tech, Cell Tech 2, Engineer, Field Engineer, Field Service Engineer, FSE, FSE 1, FSE 2,
FSE 3, FSE 4, FSE 4A, 4A, Tester, Lead Installer, Switch Engineer, Switch Technician, and
Technician;

      2.    During the following periods:

- In all states in the United States and in the District of Columbia, except for
  California, Florida, Hawaii, Kentucky, Maine, Nebraska, Oregon, and
  New York: April 8, 2002 through December 28, 2005;

- In California and Nebraska: April 8, 2001 through December 28, 2005;

- In Florida and Kentucky: April 8, 2000 through December 28, 2005;

- In Hawaii, Maine, New York and Oregon, April 8, 1999 through
  December 28, 2005.

## **WHAT ARE YOUR OPTIONS?**

You have several choices of what to do from here. In order to protect your rights, it is very important that you read this section carefully and submit the proper forms before the deadlines listed in this section or you may not receive any money under the Settlement.

### 1.    **File a Green Claim Form by August 28, 2006:**

Regardless of the state in which you worked for GNET, and even if you file a Blue Consent to Join Form, if you want to receive any money from the Settlement Fund, you must sign and mail (or deliver by hand) the attached Green Claim Form by August 28, 2006. If you do not file a Green Claim Form by August 28, 2006, you will receive nothing from the Settlement Fund. Whether you choose to file a Green Claim Form or not you are bound by the terms of this Settlement, as noted in the Dismissal of Case and Release of Claims section above, unless you opt-out of the Settlement Class.

However, if you choose to file a Green Claim Form but wish to challenge the employment data on the form, you must submit your challenge by July 31, 2006.

If you choose to file a Green Claim Form, be sure to make a copy of the signed form for your Records.

### 2.    **File A Blue Consent to Join Form by August 28, 2006:**

Settlement Class members may join the action alleging violations of the Fair Labor Standards Act ("FLSA") by mailing to the Settlement Administrator a signed Blue Consent to Join Form. Settlement Class members who submit valid and timely Blue Consent to Join Forms will become plaintiffs, and designate Charles Adams as their representative to make decisions on their behalf concerning their FLSA claims.

In order to fully protect your rights under the law and receive a full share of the Settlement Funds, you should also sign, date and return the Blue Consent to Join Form by no later than August 28, 2006. If you worked for GNET in any state or in the District of Columbia from April 8, 2002 through December 28, 2005 and you do not file a Blue Consent to Join Form by August 28, 2006, you will receive a reduced portion of the Settlement Fund.

If you choose to file a Blue Consent to Join Form, be sure to make a copy of the signed form for your Records.

### 3.    **Choosing Not to Join the Settlement Class:**

If you do not want to be a member of the Settlement Class or participate in the settlement and you want the right to pursue your own lawsuit, you must opt out of the Settlement by August 18, 2006. If you do not Opt Out, you will be bound by the terms of this Settlement, regardless of whether you make a claim, file a Consent to Join Form, or receive money. To Opt Out you must send a letter, postmarked no later than August 18, 2006, with your Name, Social Security Number, and the period for which you worked for GNET in a Class Position to:

Settlement Administrator:

Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, California 94901
(415) 461-0410
fax (415) 461-0412

## 4. Objecting to the Settlement:

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and costs, you may do so. Written comments or objections must be postmarked by August 18, 2006, and sent to:

To Class Counsel:

James B. Nebel
FLYNN, DELICH & WISE LLP
One California Street, Suite 350
San Francisco, California 94111

To Defense Counsel:

Anthony J. Rao
Seyfarth Shaw LLP
1270 Avenue of the Americas, Suite 2500
New York, NY, 10020

You may also object in person at the hearing that will be held on September 13, 2006, at 9:00 a.m., as is more fully described on page 11 below. You are not required to submit a comment or objection.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member who submits a Green Claim Form will receive a share of the $1,000,000 in Settlement Funds that remain after the deductions of the named plaintiff payment, and attorneys' fees and costs listed above. Each share will depend on the number of work weeks the Class Member worked within the applicable class period, and the state in which the Class Member worked. If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against GNET.

•       Each Class Member will receive one "Overtime and Unpaid Time Point" for each workweek that the employee recorded any direct time during the applicable Claim Period. *See page 7.*

•       For those state subclass members working in **California, Connecticut, Delaware, Illinois, Maine, Massachusetts, Nevada, and Oregon,** each employee will receive one "Meal and Rest Period Point" for each workweek **between April 8, 2004 and April 8, 2005** that the employee recorded any direct time.  Class Counsel have assessed that these states have meal and rest period laws that provide more penalties to employees who miss meal and rest periods.

•       Each Class member's Total Points is the sum of their Meal and Rest Period Points, if applicable, and Overtime and Unpaid Time Points.

•       Each Class member will receive a pro rata share of the remaining Settlement Funds equal to the Class member's Total Points divided by the aggregate Total Points of all Class members who file qualified claims, multiplied by the remaining Settlement Funds.

Each share also will be based upon: the amount of time you worked with GNET within the applicable Claim Period; whether you filed (or file) a blue Consent to Join the Fair Labor Standards Act ("FLSA") action **(Class Members who do not submit the Blue Consent to Join form will have their pro-rata share reduced by 10%)**; and the number of Class Members who turn in Green Claim Forms and receive a share of the Settlement Funds. The more Class Members who turn in Green Claim Forms, the lower the amount that will be provided to each individual.

1.      **Distribution Allocation and Examples of Recovery**

To calculate your share, the Settlement Administrator will divide your Total Points by the aggregate Total Points of all Class Members who file qualified claims, and multiply that number by the remaining Settlement Fund.  For example, assuming 100% of the Class Members turn in a Green Claim Form and a Blue Consent to Join Form, there are 400 Class Members, the $1,000,000 Settlement Fund is reduced by $300,000 to account for fees, costs, and payment to the named class representative, and the Total Points for all Class Members is 50,000:

•       If you have 7 meal and rest period points, and 46 overtime/wage points, your calculation would be as follows: 53 Total Points / 50,000 Total Points of all Class Members = .00106.  .00106 x $700,000 remaining Settlement Fund = $742.

•       If you have 130 overtime/wage points and no meal and rest period points because you did not work in a meal or rest period state between April 8, 2004 and April 8, 2005, your calculation would be as follows: 130 Total Points / 50,000 Total Points of all Class Members = .0026.  .0026 x $700,000 remaining Settlement Fund = $1,820.

These are just examples to illustrate how he calculation formula might be used to distribute the $1,000,000 Settlement Fund.  The amount you will recover will change according to the number of Class Members who participate in the Settlement.  If you do not want to

10

participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against GNET.

## 2.    **Uncashed Checks**

Class members will have Ninety (90) calendar days after mailing by the Settlement Administrator to cash their settlement payments. If you do not cash your settlement payment checks within the 90 day period, your settlement check will be void and a stop-payment will be placed. In such event, you will be deemed to have waived irrevocably any right in or claim to a settlement share, and this Agreement nevertheless will be binding upon you. The amount remaining uncashed as a result of your failure to cash your settlement check will be returned to GNET along with any interest accrued thereon.

## ATTORNEYS' FEES AND COSTS

As their fee for services rendered on behalf of the Class Members, Class Counsel will ask the Court to award as attorneys' fees a total not to exceed 33 1/3 percent from the Settlement Fund (i.e., \$333,333.33.) In addition to attorneys' fees, Class Counsel will seek reimbursement of litigation costs and expenses that they have incurred since the beginning of this litigation, in the amount of approximately \$7,500.00. The amount of any award of attorneys' fees and costs will be considered and must be approved by the Court. In prosecuting this case on behalf of Class Members, Class Counsel spent almost one year and hundreds of hours investigating the case, reviewing thousands of GNET documents, reviewing damages information, interviewing Class Members, and participating in an impartial mediation. Under the common fund doctrine, Class Counsel will therefore apply for 33 1/3% of the money recovered on behalf of the class. Class Members will not be required to pay Class Counsel for any other attorneys' fees, costs or expenses out of their own pockets if the Settlement Agreement and the attorneys' fee and costs requests are approved by the Court.

## HEARING REGARDING THE SETTLEMENT

On September 13, 2006, at 9:00 a.m., or as soon thereafter as practicable, the Honorable Judge Phyllis J. Hamilton,, United States District Judge of the United States District Court for the Northern District of California, will hold a hearing in Courtroom 3 of the United States District Courthouse, 450 Golden Gate Ave, San Francisco, California 94102, to determine whether the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate and should be approved. The Court also will consider Class Counsel's application for fees and costs. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

Any Class Member (or the attorney for any Class Member) may appear at the hearing to comment on or object to the Settlement, or to enter an appearance for any other reason.

## EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you may refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each

11

Court business day at the Office of the Clerk of the Court, United States District Courthouse, 450 Golden Gate Ave, San Francisco, California 94102.

If you have questions about this Notice, or want additional information, you can contact the Settlement Administrator at Gilardi & Co. LLC, 3301 Kerner Blvd., San Rafael, California 94901; (415) 461-0410; fax (415) 461-0412. Again, the important deadlines are:

**Last Day To Submit a Green Claim Form: August 28, 2006 (postmarked, or received if sent other than by mail)**

**Last Day to Submit a Blue Consent To Join Form: August 28, 2006 (postmarked, or received if sent other than by mail)**

**Last Day To "Opt Out" Of The Settlement Class: August 18, 2006**

**Last Day To Submit Written Objections To The Settlement: August 18, 2006 (Alternatively, You May Object In Person At The Final Hearing on September 13, 2006)**

12

**EXHIBIT  B**

**Adams v. Goodman Networks, Inc., _et al._**

Claims Administration Center
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, California 94901
(415) 461-0410
fax (415) 461-0412

## INSTRUCTIONS

In order to receive any portion of the settlement funds you **MUST** sign, date, and return the **GREEN CLAIM FORM** by no later than August 28, 2006. **IF YOU DO NOT RETURN THE GREEN CLAIM FORM, POSTMARKED BY AUGUST 28, 2006, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS.**

In order to fully protect your rights under the law, you should also sign, date and return the **BLUE CONSENT TO JOIN FORM** by no later than August 28, 2006. **IF YOU DO NOT RETURN THE BLUE CONSENT TO JOIN FORM YOU WILL RECEIVE A LOWER COMPENSATION AMOUNT FROM THE SETTLEMENT FUND.**

Both forms must be sent to:

Adams v. Goodman Networks, Inc., _et al,_ Claims Administration Center
c/o Gilardi & Co. LLC
3301 Kerner Blvd.
San Rafael, California 94901
(415) 461-0410
fax (415) 461-0412

### HOW YOUR SHARE OF THE SETTLEMENT FUNDS IS DETERMINED

The method by which your share of the Settlement Funds will be allocated is set forth in detail at pages 9-10 of the attached Notice of Proposed Settlement of Class Action Lawsuit, Certification of FLSA Collective Action, Certification of State Law Overtime Classes, and Settlement Hearing ("NOTICE"):

### HOW TO CHALLENGE THE EMPLOYMENT DATA ON YOUR FORM

If you believe that the actual dates of employment, meal and rest period points (if applicable), and/or overtime and unpaid points listed on your Claim Form are incorrect, you may challenge the data by submitting a written statement along with your signed Claim Form by the claim filing deadline of July 31, 2006. You may not challenge the formula used to calculate your share, but you may challenge the data provided by Goodman Network that is used in the formula.

Any challenge must state what you believe are your correct dates of employment, meal and rest period points (if applicable), and/or overtime and unpaid time points. You also must include documentary evidence you have that supports your claim (such as pay stubs reflecting relevant dates of employment). Your challenge will not be considered unless you enclose documentary evidence.

By submitting a written challenge, you will authorize the Settlement Administrator to review Goodman Networks' records and make a determination based on Goodman Networks' records and any

NY1 26414750.1

records you submit. This determination may increase or decrease the amount of your settlement share. All such determinations are final and binding with no opportunity for further appeal to the Court.

#### CHANGE OF ADDRESS

It is your responsibility to keep a current address on file with the Claims Administrator. Please make sure to notify the Claims Administrator of any change of address.

**YOU MUST COMPLETE AND POSTMARK THE ATTACHED <u>GREEN CLAIM FORM</u> NO LATER THAN AUGUST 28, 2006.**

**HOWEVER, IF YOU WISH TO CHALLENGE THE EMPLOYMENT DATA ON YOUR FORM, YOU MUST SUBMIT YOUR CHALLENGE BY JULY 31, 2006.**

**TO FULLY PROTECT YOUR RIGHTS UNDER THE LAW, YOU SHOULD ALSO SIGN, DATE, AND RETURN THE <u>BLUE CONSENT TO JOIN FORM</u> BY NO LATER THAN AUGUST 28, 2006. IF YOU DO NOT COMPLETE AND POSTMARK THE ATTACHED BLUE CONSENT TO JOIN FORM BY AUGUST 28, 2006, YOU WILL RECEIVE A LOWER COMPENSATION AMOUNT FROM THE SETTLEMENT FUND.**

**BE SURE TO MAKE A COPY OF THE SIGNED GREEN CLAIM FORM AND BLUE CONSENT TO JOIN FORM FOR YOUR RECORDS.**

NY1 26414750.1